**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                   Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

**WALGREEN CO.,**
      a Foreign for-Profit Corporation,

and

**CHRIS GULLICKSON,**

      Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

      **COMES NOW**, Plaintiff, Gilbert Saint-Cyr, (hereinafter called "Plaintiff"), by and
through undersigned counsel, Pursuant to Fla. R. Civ. P. 1.190, and files his First Amended
Complaint, sues Defendants, Walgreen Co. (hereinafter called "Defendant, Employer" or
"Walgreen"), and Chris Gullickson, (hereinafter called "Defendant Gullickson"), (hereinafter
collectively called "Defendants"), and respectfully shows the Court as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory, permanent injunctive, and monetary relief brought by
Plaintiff to redress the deprivation of civil rights as prohibited by the 42 U.S.C. §1981 ("Section
1981), Title VII of the Civil Rights Act of 1964, and Florida Civil Rights Act, Florida Statutes,
Section 760.10, *et seq.* (FCRA) which prohibit, *inter alia,* the discriminatory denial of terms and
conditions of employment, including compensation, promotional opportunities, and discharge
from employment, hostile work environment and other adverse actions based on race, color,
religion, sex, national origin, age, handicap or marital status.

---

**EXHIBIT A**

2.      The unlawful actions of the Defendants Walgreen and Gullickson have caused Plaintiff extreme mental anguish, outrage, depression, painful embarrassment among her family, friends, and former fellow employees, stress-induced insomnia, humiliation, disruption of his personal life, and loss of the ordinary pleasures of everyday life.

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action based upon, Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. Jurisdiction is specifically conferred upon this United States District Court by the  aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343 and pendent jurisdiction of the Plaintiff's Florida Civil Rights Act claim is provided pursuant to 28 U.S.C. § 1367 and 42 U.S.C. § 1981.

4.      Venue is proper in this Court as all acts and omissions giving rise to the claims and other adverse actions relevant to this cause occurred in Palm Beach County, which is also the location of Defendants' principal place of business, and Defendant Gullickson resides in Palm Beach County.

5.      Plaintiff timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), in Miami, Florida, setting forth the discriminatory actions of the Defendants complained of herein. See Exhibit A.

6.      All conditions precedent to the bringing of this action have been fulfilled.

7.      Plaintiff filed charges of Discrimination against Defendant Walgreen with the Equal Employment Opportunity Commission alleging harassment and discrimination.

8.      Plaintiff's Charges were timely dual filed by the EEOC.

## III.      PARTIES

9.      Plaintiff is a citizen of the United States of America and resides in Palm Beach County, Florida.

10.      The Defendant Walgreen, is a Foreign for-profit corporation existing under the laws of the State of Illinois with its principal place of business at 200 Wilmot Rd, Deerfield, IL 60015, but licensed to and doing business within this judicial district and is an employer within the scope of Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. and

the Florida Civil Rights Act, Florida Statutes, Section 760.10, *et seq.*

11.     Defendant Gullickson is a natural person over the age of eighteen (18) years residing in Palm Beach County, Florida.

## IV. <u>GENERAL ALLEGATIONS</u>

12.     At all times relevant and material, the Plaintiff in this action was an employee of Defendant Walgreen.

13.     Over the course of his employment, the Plaintiff endured a continuous pattern of intentionally, demeaning, and derogatory conduct designed to destroy his ability to work in a professional environment.

14.     Plaintiff had to work in an environment where he was subjected to relentless and repeated expressions of overt, derogatory behavior, which created a working environment saturated with bigotry, intimidation, scorn, and abuse.

15.     Furthermore, Defendants have fostered an atmosphere that inherently degraded the Plaintiff's confidence and professional reputations.

16.     Defendants continuous condoning of this hostile working environment have created a situation where the most outrageous conduct towards the Plaintiff were overlooked, excused, disbelieved, or labeled as the grievance of a disgruntled employee.

17.     Defendants have utterly futile policies against discrimination, retaliation, and hostile work environment in the workplace as a result of Defendants' failure to regularly, efficiently, and effectively disseminate its policies (to the extent that they existed) to its employees and as a result of Defendants' failure to enforce its policies (to the extent that they existed).

## V.     <u>PLAINTIFF'S EMPLOYMENT AT WALGREEN CO</u>

18.     At all times relevant and material, the Plaintiff was employed by Defendant Walgreen and Plaintiff was qualified for and performed satisfactorily in all positions he held and applied for with Defendant Walgreen.

19.     At all times relevant and material, Plaintiff is an African American male, of Haitian

descent, who is a member of protected classes.

20.     Plaintiff has been employed by the Defendant Walgreen for almost fourteen years.

21.     Plaintiff commenced his employment with Walgreen on or about September 12, 2005, as a General Warehouse Staff in the Split Case Peak department.

22.     On August 29, 2018, Plaintiff arrived at work at 7:30 pm.

23.     Plaintiff's team member, Carlos Saaverdra, (hereinafter called "Mr. Saaverdra"), a Hispanic male, came to the bay where Plaintiff's was working that evening.

24.     Mr. Saaverdra attempted to put his name on the bay number, where Plaintiff was working.

25.     Mr. Saaverdra bullied Plaintiff and pushed him with his shoulder.

26.     Plaintiff reported this incident to his supervisor, Las De La Rosa, (hereinafter called Mr. De La Rosa").

27.     Chris Samm, (hereinafter called "Mr. Samm"), a manager at Walgreen ordered Plaintiff to go to section L2 after Plaintiff returned from his break.

28.     Another Walgreen manager Jeremy Macomber, (hereinafter called "Mr. Macomber"), sent Plaintiff home that evening.

29.     Plaintiff was advised by one of his co-workers that Mr. Saaverdra got to stay at work, while Plaintiff was sent home, even though that Plaintiff was bullied and attacked by Mr. Saaverdra.

30.     Plaintiff went to the Human Resources Department the following morning to report the incident that occurred the previous evening.

31.     Defendant Gullickson wrote up Plaintiff without conducting a proper investigation.

32.     No disciplinary action was taken against Mr. Saaverdra.

33.     In February of 2019, Plaintiff was invited to a meeting to discuss how improvements could

be made at Walgreen.

34.     Plaintiff advised at the meeting that other employees' federally protected rights were being violated at Walgreens.

35.     After the meeting, Plaintiff received less preferential treatment than his other colleagues at work who were Caucasian and Hispanic.

36.      Plaintiff's EP% was higher than other Caucasian and Hispanic employees at Walgreen; however, Plaintiff was being punished for his EP% score, while those other employees with a lower score were left alone.

37.     Plaintiff was advised that if he did not improve his EP% score, he would be terminated.

38.     On April 19, 2019, Defendant Gullickson gave Plaintiff an ultimatum that either he would be transferred from the split peak department to the full case peak department, which is comprised of lifting heavy items, or Plaintiff would be fired.

39.     Plaintiff was transferred from the split peak department to full case peak department out of retaliation and punishment.

40.     The full case peak department is mostly comprised of younger Haitian employees.

41.     The department had approximately two Mexican people, one other elderly Haitian employee, and no Caucasians, other than supervisors.

42.     Walgreens management advised Plaintiff that he had six weeks to lift 3,500 boxes a night or 2,500 boxes of water and iced tea a night.

43.     Walgreens knew or should have known that Plaintiff could not perform full case peak effectively at his age.

44.     Plaintiff was suspended because he could not physically comply with his Walgreen's job

description.

45.     Walgreens wrongfully terminated Plaintiff and did not provide him with a reason for his termination.

46.     Plaintiff continued to suffer harassment and discrimination in the workplace and, until he was terminated, was subjected to unprecedented scrutiny and orders based upon his complaints of being targeted as the victim of racial harassment.

47.     As a result of the continual discriminatory racial harassment, and retaliation he has faced at the workplace of the Defendant, Plaintiff filed an EEOC charge of discrimination, on August 19, 2020, received a Notice of Right to Sue Letter, and timely pursued an action.

## VII.   COUNT I

### Intentional Discrimination in Violation of 42 U.S.C. Section 1981
### (By Plaintiff against Defendant Walgreen Co)

48.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

49.     Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

50.     In violation of 42 U.S.C. 1981, Defendant Walgreen intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

51.     As a result of Defendant Walgreen's intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience, and physical, mental and emotional distress.

## VIII.   COUNT II

### Intentional Discrimination in Violation of Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

52.   Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

53.   Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

54.   In violation of the Florida Civil Rights Act, Defendant Walgreen intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

55.   As a result of Defendant Walgreen's intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience, and physical, mental and emotional distress.

## IX.   COUNT III

### Intentional Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (By Plaintiff against Defendant Walgreen Co)

56.   Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

57.   Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

58.   In violation of the Title VII of the Civil Rights Act of 1964, Defendants intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

59.   As a result of Defendant Walgreen intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of

compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience, and physical, mental and emotional distress.

## X.  COUNT IV

### Intentional Discrimination in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Chris Gullickson)

60.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

61.     Defendants has engaged in the pattern and practice of racial discrimination as described herein in violation of 42 U.S.C. 1981.

62.     As described herein, Defendant Gullickson was personally involved in the discriminatory conduct.

63.     As described herein, Defendant Gullickson personally caused the infringement of the Plaintiff's rights under 42 U.S.C. 1981.

64.     As described herein, Defendant Gullickson knowingly, substantively, and intentionally authorized, directed, or participated in the alleged discriminatory conduct in violation of 42 U.S.C. 1981.

65.     As a result of Defendant Gullickson's violations of 42 U.S.C. 1981, Plaintiff has suffered and will continue to suffer damages including, humiliation and embarrassment, as well as physical and mental and emotional distress. Furthermore, Plaintiff has incurred and continue to incur economic damages including but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience.

## XI.   COUNT V

### Hostile Work Environment in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Walgreen Co.)

66.     Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

67.     Defendant Walgreen's supervisors and other agents have engaged in the pattern of

harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

68.     The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

69.     The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of 42 U.S.C. 1981.

70.     Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

71.     The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

72.      Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

73.     Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

   a.   failing to have an effective policy regarding workplace harassment and discrimination;

   b.   failing to have an effective procedure for investigation and addressing discrimination complaints;

   c.   failing to effectively implement any procedure it may have had for investigating discrimination complaints;

   d.   failing to adequately investigate Plaintiff's numerous complaints; and

   e.   failing to appropriately train its employees.

74.     As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

75.     As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XII.   COUNT VI

## Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964
### (By Plaintiff against Defendant Walgreen Co)

76.    Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

77.    Defendant Walgreen's supervisors and other agents have engaged in the pattern of harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

78.    The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

79.    The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of Title VII of the Civil Rights Act of 1964.

80.    Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

81.    The harassing and discriminatory conduct described herein was open and notorious; Defendants knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

82.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

83.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

   a. failing to have an effective policy regarding workplace harassment and discrimination;

   b. failing to have an effective procedure for investigation and addressing discrimination complaints;

   c. failing to effectively implement any procedure it may have had for investigating discrimination complaints;

    d.   failing to adequately investigate Plaintiff's numerous complaints; and

    e.   failing to appropriately train its employees.

84. As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

85.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

### XIII.   COUNT VII

### Hostile Work Environment in Violation of The Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

86.    Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

87.    Defendant Walgreen's supervisors and other agents have engaged in the pattern of harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

88.    The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

89.    The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of the Florida Civil Rights Act.

90.    Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

91.    The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

92.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

93.     Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

   a.  failing to have an effective policy regarding workplace harassment and discrimination;

   b.  failing to have an effective procedure for investigation and addressing discrimination complaints;

   c.  failing to effectively implement any procedure it may have had for investigating discrimination complaints;

   d.  failing to adequately investigate Plaintiff's numerous complaints; and

   e.  failing to appropriately train its employees.

94. As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

95.     As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

### XIV.   COUNT VIII
### Retaliation in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Walgreen Co)

96.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

97.     Defendant Walgreen's supervisors and other agents have engaged in the pattern of retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

98. The retaliatory hostile work environment and conduct described herein would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

99.     The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of 42 U.S.C. 1981.

100.    Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

---

101.   The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen's knew or should have known about the retaliatory conduct towards Plaintiff.

102.   Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen's place of business.

103.   Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

   a.   failing to have an effective policy regarding workplace retaliation;

   b.   failing to have an effective procedure for investigation and addressing retaliation complaints;

   c.   failing to effectively implement any procedure it may have had for investigating retaliation complaints;

   d.   failing to adequately investigate Plaintiff's numerous complaints; and

   e.   failing to appropriately train its employees.

104.   As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

105.   As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XV.   <u>COUNT IX</u>

### <u>Retaliation in Violation Title VII of the Civil Rights Act of 1964</u>
### (By Plaintiff against Defendant Walgreen Co)

106.   Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

107.   Defendant Walgreen's supervisors and other agents have engaged in the pattern of retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

108.   The retaliatory hostile work environment and conduct described herein would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

109.    The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of Title VII of the Civil Rights Act of 1964.

110.    Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

111.    The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the retaliatory conduct towards Plaintiff.

112.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen place of business.

113.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

    a.  failing to have an effective policy regarding workplace retaliation;

    b.  failing to have an effective procedure for investigation and addressing retaliation complaints;

    c.  failing to effectively implement any procedure it may have had for investigating retaliation complaints;

    d.  failing to adequately investigate Plaintiff's numerous complaints; and

    e.  failing to appropriately train its employees.

114.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

115.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVI.   <u>COUNT X</u>

### <u>Retaliation in Violation The Florida Civil Rights Act</u>
### (By Plaintiff against Defendant Walgreen Co)

116.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

117.    Defendant Walgreen's supervisors and other agents have engaged in the pattern of retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

118.    The retaliatory hostile work environment and conduct described herein would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

119.    The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of the Florida Civil Rights Act.

120.    Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

121.    The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen's knew or should have known about the retaliatory conduct towards Plaintiff.

122.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen's place of business.

123.    Defendant Walgreen's failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

124.    failing to have an effective policy regarding workplace retaliation;

125.    failing to have an effective procedure for investigation and addressing retaliation complaints;

126.    failing to effectively implement any procedure it may have had for investigating retaliation complaints;

127.    failing to adequately investigate Plaintiff's numerous complaints; and

128.    failing to appropriately train its employees.

_____

129.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

130.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVII.   <u>COUNT XI</u>

### <u>Wrongful Termination in Violation of 42 U.S.C. 1981</u>
### (By Plaintiff against Defendant Walgreen Co)

131.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

132.    Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

133.    The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race and ethnicity.

134.    Plaintiff's termination from Defendant Walgreen would not have incurred but for Plaintiff's race, age, and ethnicity.

135.    The actions of Defendant Walgreen's supervisors and other agents as described herein and Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen's regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by 42 U.S.C. 1981.

136.    The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

137.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

138.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or

eradicate harassment, discrimination, and retaliation acts including, but not limited to:

    a.  failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

    b.  failing to have an effective procedure for investigation and addressing discrimination and retaliation complaints;

    c.  failing to effectively implement any procedure it may have had for investigating discrimination and retaliation complaints;

    d.  failing to adequately investigate Plaintiff's numerous complaints; and

    e.  failing to appropriately train its employees.

139.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

140.    As a result of Defendant Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVIII.   COUNT XII

## Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964
### (By Plaintiff against Defendant Walgreen Co)

141.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

142.    Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

143.    The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race and ethnicity.

144.    Plaintiff's termination from Defendant Walgreen would not have incurred but for Plaintiff's race and ethnicity.

145.    The actions of Defendant Walgreen's supervisors and other agents as described herein and

Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by Title VII of the Civil Rights Act of 1964.

146.   The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

147.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

148.   Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate harassment, discrimination, and retaliation acts including, but not limited to:

   a.   failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

   b.   failing to have an effective procedure for investigation and addressing discrimination and retaliation complaints;

   c.   failing to effectively implement any procedure it may have had for investigating discrimination and retaliation complaints;

   d.   failing to adequately investigate Plaintiff's numerous complaints; and

   e.   failing to appropriately train its employees.

149.   As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

150.   As a result of Defendant's Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XIX.   COUNT XIII

### Wrongful Termination in Violation of The Florida Civil Rights Act
**(By Plaintiff against Defendant Walgreen Co)**

151.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

152.    Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

153.    The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race, ethnicity, and age.

154.    Plaintiff's termination from Defendant Walgreen would not have incurred but for Plaintiff's race and ethnicity.

155.    The actions of Defendant Walgreen's supervisors and other agents as described herein and Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendants regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by The Florida Civil Rights Act.

156.    The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

157.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

158.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate harassment, discrimination, and retaliation acts including, but not limited to:

    a.  failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

    b.  failing to have an effective procedure for investigation and addressing discrimination and retaliation complaints;

    c.  failing to effectively implement any procedure it may have had for investigating

_____

Colin Richards Law P.A., 1218 The Pointe Drive, West Palm Beach, Florida 33409-1917; Phone # (786) 286-0076
Page 19 of 22

discrimination and retaliation complaints;

d.  failing to adequately investigate Plaintiff's numerous complaints; and

e.  failing to appropriately train its employees.

159.   As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

160.   As a result of Defendant Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gilbert Saint-Cyr pray that this Court:

(a)   Accept jurisdiction over this matter;

(b)   Enter a judgment that Defendants' acts and practices as set forth herein are in violation of the laws of the United States and the State of Florida, and permanently enjoin such behavior;

(c)   Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiff and others;

(d)   Award Plaintiff compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination.

(e)   Award Plaintiff exemplary and/or punitive damages

(f)   Award Plaintiff with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(g)   Grant Plaintiff such other and further relief as this Court finds necessary and proper.

## **XX.   JURY DEMAND**

Plaintiff demands trial by jury for all issues so triable by right.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that I served a correct copy of the foregoing via eservice email on this 9th day of November 2021, upon Benjamin Ward, Esq. of Gray Robinson, P.A.; eservice: gregory.hearing@gray-robinson.com and benjamin.bard@gray.robinson.com.

<u>/s/ Colin Richards, Esq.,</u>
Colin Richards, Esq.
Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
By: <u>/s/ Colin Richards</u>
Florida Bar No.: 0109234

**EXHIBIT A**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Gilbert Saint-Cyr**<br>**818 Foresteria Drive**<br>**West Palm Beach, FL 33403** | From:  **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

|   | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2019-01987** | **Erline Jocelyn,**<br>**Investigator** | **(786) 648-5800** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*                                        08-19-2020

| Enclosures(s) | for  **BRADLEY A. ANDERSON,**<br>**Acting District Director** | (Date Mailed) |
|---|---|---|

cc:

| **Respondent's Representative**<br>**Kim Metrick**<br>**Vice President, Employment Law**<br>**Walgreen Co.**<br>**104 Wilmot Road**<br>**MS#144W**<br>**Deerfield, IL 60015** | **Charging Party's Representative**<br>**Colin Richards, Esquire**<br>**COLIN RICHARDS LAW, P.A.**<br>**1218 The Pointe Drive**<br>**West Palm Beach, FL 33409** |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*