Filing # 116662204 E-Filed 11/15/2020 11:36:22 PM

**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR,**                                        Case #:

      Plaintiff,

vs.

**WALGREEN CO.**
      a Foreign for Profit Corporation,

      Defendant,

_____/

**COMPLAINT**
**(Jury Trial Requested)**

      **COMES NOW** the Plaintiff, GILBERT SAINT-CYR (hereinafter also referred to as "**Mr.
Saint-Cyr**"), by and through undersigned counsel, files this Complaint and Demand for Jury Trial
in the above captioned matter as follows:

**I.    PRELIMINARY STATEMENT**

1.    This is an action for declaratory, permanent injunctive, and monetary relief brought by
**Mr. Saint-Cyr** to seek redress for the Defendant's deprivation of his civil rights, as protected by
the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. § 1981
("Section 1981), which prohibit, *inter alia,* the discriminatory denial of terms and conditions of
employment, including compensation, promotional opportunities, and discharge from
employment, hostile work environment and other adverse actions based on race, color, religion,
sex, national origin, age, handicap or marital status.

2.    Furthermore, the unlawful actions of the Defendant have caused **Mr. Saint-Cyr** extreme
mental anguish, outrage, depression, painful embarrassment among his friends and former fellow

1

employees, stress-induced insomnia, humiliation, disruption of his personal life, and loss of the ordinary pleasures of everyday life. He further states:

## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 28 U.S.C. §1331 and 42 U.S.C. §2000e-(f) (3). This action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., as amended, 42 U.S.C. § 1981, and 28 U.S.C. §§ 2201 and 2202 (The Declaratory Judgment Act).

4.      Venue is proper in this district pursuant to 42 U.S.C. §2000e5 (f) (3), because Plaintiff's former employment domicile was Palm Beach County, Florida.

5.      Plaintiff has fulfilled all the jurisdictional and administrative prerequisites to initiating this lawsuit under Title VII, by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in which he sought redress for the unlawful race discrimination and retaliation that are the subjects of this cause.

6.      Under Title VII, the Corporate Defendant constitute a single Company with more than 15 full time employees, 42 U.S.C. § 2000e (b).

7.      Plaintiff has timely commenced this action within ninety (90) days of his receipt of the Notice of Right to Sue Letter issued by the EEOC. See Exhibit A attached hereto.

## III.   PARTIES

8.      **Mr. Saint-Cyr** is an African American Haitain male who was employed by Defendant from approximately September 2005 to June 201, at which time he worked in the split case peak department.

9.      At all times pertinent to this action, **Mr. Saint-Cyr** was a covered employee, and the Defendant, singularly and collectively, were covered employers, for purposes of Title VII.

10.     Defendant **Walgreen Co.** (hereinafter also referred to as **"Walgreen"**) is a Illinois Corporation, licensed to and doing business within this judicial district.

## IV.   FACTUAL ALLEGATIONS

11.     **Mr. Saint-Cyr** commenced his employment with Walgreen on or about September 12, 2005 as a General Warehouse Staff in the Split Case Peak department.

12.     Prior to the incidents, which are the subject matter of this case, Mr. Saint-Cyr, an African American of Haitian decent, had no prior write ups or poor job evaluations while he was employed at Walgreens for a period of almost 15 years.

13.     On August 29, 2018, Mr. Saint-Cyr arrived at work at 7:30 pm. \

14.     Mr. Saint-Cyr's team member, Carlos Serverrdra, (hereinafter called "Mr. Severrdra"), a Hispanic male, came to Mr. Saint-Cyr's bay that evening.

15.     Mr. Severrdra bullied Mr. Saint-Cyr and pushed Mr. Saint-Cyr with his shoulder.

16.     Mr. Severrdra then attempted to put his name on Mr. Saint-Cyr's bay number.

17.     Mr. Saint-Cyr reported this incident to his supervisor, Las De La Rosa, (hereinafter called "Mr. De La Rosa").

18.     Chris advised Mr. Saint-Cyr to go to section L2 after Mr. Saint-Cyr returned from his break.

19.     A Walgreens manager by the name of Jeremy, whose last name is unknown at this time, sent Mr. Saint-Cyr home after approximately two hours from when Mr. Saint-Cyr began to work at a different section.

20.     Mr. Saint-Cyr was advised by one of his co-workers that Mr. Severrdra got to stay at work, while Mr. Saint-Cyr was sent home, even though that Mr. Saint-Cyr was bullied and attacked by Mr. Severrdra.

21.     Mr. Saint-Cyr went to the Human Resources Department the following morning to report

the incident that occurred the previous evening.

22.     Mr. Saint-Cyr was taken to the Human Resources Department later that evening by a Walgreens manager by the name of Chris Gaullickson, (hereinafter called "Mr. Gaullickson").

23.     Mr. Gaullickson wrote up Mr. Saint-Cyr even though Mr. Saint-Cyr did not do anything wrong.

24.     In February of 2019, Mr. Saint-Cyr was invited to a meeting to discuss how improvements could be made at Walgreens.

25.     Mr. Saint-Cyr advised at the meeting that other employees' federally protected rights were being violated at Walgreens.

26.     Mr. Saint-Cyr had an EP% of 100% prior to the meeting; however, after the meeting, Mr. Gaullickson lowered Mr. Saint-Cyr's EP% to 99.124%.

27.     Mr. Saint-Cyr received less preferential treatment than his other colleagues at work who were Caucasian and Hispanic.

28.     Mr. Saint-Cyr's EP% was higher than other Caucasian and Hispanic employees at Walgreens; however, Mr. Saint-Cyr was being punished for his EP% score, while those other employees with a lower score were left alone.

29.     Mr. Saint-Cyr was advised that if he did not improve his EP% score, he would be terminated.

30.     On April 19, 2019, Mr. Gaullickson advised Mr. Saint-Cyr that he was being transferred from the split peak department to the full case peak department, which is comprised of lifting heavy items, or Mr. Saint-Cyr would be fired.

31.     Mr. Saint-Cyr was transferred from the split peak department to full case peak department out of retaliation and punishment.

4

32.   The full case peak department is mostly comprised of younger Haitian employees.

33.   The department had approximately two Mexican people, one other elderly Haitian employee, and no Caucasians, other than supervisors.

34.   Walgreens management advised Mr. Saint-Cyr that he had six weeks to lift 3,500 boxes a night or 2,500 boxes of water and iced tea a night.

35.   Walgreens knew or should have known that Mr. Saint-Cyr could not perform full case peak effectively at his elderly age.

36.   Mr. Saint-Cyr was suspended because he could not physically comply with his Walgreens job description.

37.   Walgreens wrongfully terminated Mr. Saint-Cyr and did not provide him with a reason for his termination.

38.   Mr. Saint-Cyr continued to suffer harassment and discrimination in the workplace and, until he was terminated, was subjected to unprecedented scrutiny and orders based upon his complaints of being targeted as the victim of racial harassment.

39.   As a result of the continual discriminatory racial harassment, and retaliation he has faced at the workplace of the Defendant, Mr. Saint-Cyr filed an EEOC charge of discrimination, in August 19, 2020, received a Notice of Right to Sue Letter, and timely pursued an action.

## V.   COUNT I (Discrimination)

40.   Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

41.   Plaintiff is a member of a protected class.

42.   Plaintiff was qualified for his position.

43.   Plaintiff suffered an adverse employment action.

44.   Defendant has intentionally and purposefully violated Plaintiff's rights under Title VII of

the Civil Rights Act of 1964, 42 USC 2000e, 42 USC 1981 et seq and under the Florida Civil Rights Act, Florida Statutes, Section 760.10, *et seq.* Including depriving the Plaintiff of the ability, right, benefit, and opportunity to make, perform, modify his employment relationship with the Defendant, on account of race, national origin, and age.

45.     As a proximate cause of Defendant's action described above, Plaintiff has suffered monetary damages as well as emotional injury and will continue to suffer from same in the foreseeable future and should be awarded relief pursuant to the Title VII of the Civil Rights Act of 1964, 42 USC 2000e. 42 USC 1981. et seq and Florida Statute, 760.10 *et seq.*, against the Defendant.

## VI.   COUNT II (Retaliation)

46.     Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

47.     Plaintiff experienced illegal discrimination and harassment.

48.     Plaintiff was engaged in a protected activity.

49.     Defendant took an adverse action against Plaintiff in response to Plaintiff experiencing illegal discrimination and harassment.

50.     Defendant has intentionally and purposefully violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. AND the Florida Civil Rights Act, Florida Statutes, Section 760.10, et seq. including depriving the Plaintiff of the ability, right, benefit, and opportunity to make, perform, modify his employment relationship with the Defendants.

51.     As a proximate cause of Defendant's action described above, Plaintiff has suffered monetary damages as well as emotional injury and will continue to suffer from same in the foreseeable future and should be awarded relief pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.  and the Florida Statute, 760.10 et seq., against the Defendants.

## VII.   COUNT III (FLORIDA WHISTLE-BLOWER ACT/FLORIDA STATUTES §448.102(3))

52.   Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

53.   The Plaintiff engaged in protected activity under the Act by objecting to and refusing to participate in, an activity, policy, or practice of the Defendants, which is in violation of a law, rule, or regulation.

54.   The Defendant wrongfully retaliated against the Plaintiff by terminating his from his position, in violation of the Act, because of Plaintiff's protected activity under the Act.

55.   As a direct and proximate result of the Defendant's unlawful conduct, Plaintiffs have and will continue to suffer damages.

WHEREFORE, Plaintiff prays that this Court:

(a)   Accept jurisdiction over this matter;

(b)   Enter a judgment that Defendant's acts and practices as set forth herein are in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, 42 USC 1981 et seq. AND Florida Civil Rights Act, Florida Statutes, Section 760.10, et seq., and permanently enjoin such behavior;

(c)   Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm to Plaintiff and others;

(d)   Award Plaintiff compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendant's discrimination;

(e)   Award Plaintiff exemplary and/or punitive damages

(f)   Award Plaintiff with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

7

(g) Grant Plaintiff such other and further relief as this Court finds necessary and proper.

## VIII.   JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Defendant hereby designates the following primary email address for service of court documents: ColinRichardsLaw@gmail.com.

Dated this 15th day of November, 2020.

/s/ Colin Richards, Esq.,
Colin Richards, Esq.
Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
By: /s/ Colin Richards
Florida Bar No.: 0109234

8

## **<u>EXHIBIT A</u>**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Gilbert Saint-Cyr**<br>**818 Foresteria Drive**<br>**West Palm Beach, FL 33403** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2019-01987** | **Erline Jocelyn,**<br>**Investigator** | **(786) 648-5800** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*                                                    08-19-2020

Enclosures(s)

for   **BRADLEY A. ANDERSON,**                      *(Date Mailed)*
      **Acting District Director**

cc:

**Respondent's Representative**
Kim Metrick
**Vice President, Employment Law**
Walgreen Co.
104 Wilmot Road
MS#144W
Deerfield, IL 60015

**Charging Party's Representative**
Colin Richards, Esquire
COLIN RICHARDS LAW, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 -- not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA

GILBERT SAINT-CYR,                          Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

WALGREEN CO.
      a Foreign for-Profit Corporation,

      Defendant.

_____/

## FIRST AMENDED COMPLAINT
### (Jury Trial Requested)

      **COMES NOW** the Plaintiff, GILBERT SAINT-CYR (hereinafter also referred to as "**Mr. Saint-Cyr**"), by and through his undersigned counsel, pursuant to Fed. R. Civ. P. (15)(a)(2) and Fla. R. Civ. P. 1.190, and files this Amended Complaint and Demand for Jury Trial in the above captioned matter as follows:

### I.      PRELIMINARY STATEMENT

1.      This is an action for declaratory, permanent injunctive, and monetary relief brought by **Mr. Saint-Cyr** to seek redress for the Defendant's deprivation of his civil rights, as protected by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. § 1981 ("Section 1981), which prohibit, *inter alia,* the discriminatory denial of terms and conditions of employment, including compensation, promotional opportunities, and discharge from employment, hostile work environment and other adverse actions based on race, color, religion, sex, national origin, age, handicap or marital status.

2.      Furthermore, the unlawful actions of the Defendant have caused **Mr. Saint-Cyr** extreme mental anguish, outrage, depression, painful embarrassment among his friends and former fellow

1

employees, stress-induced insomnia, humiliation, disruption of his personal life, and loss of the ordinary pleasures of everyday life.  He further states:

## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 28 U.S.C. §1331 and 42 U.S.C. §2000e-(f) (3). This action presents federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, 42 U.S.C. § 1981, and 28 U.S.C. §§ 2201 and 2202 (The Declaratory Judgment Act).

4.      Venue is proper in this district pursuant to 42 U.S.C. §2000e5 (f) (3), because Plaintiff's former employment domicile was Palm Beach County, Florida.

5.      Plaintiff has fulfilled all the jurisdictional and administrative prerequisites to initiating this lawsuit under Title VII, by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in which he sought redress for the unlawful race discrimination and retaliation that are the subjects of this cause.

6.      Under Title VII, the Corporate Defendant constitute a single Company with more than 15 full time employees, 42 U.S.C. § 2000e (b).

7.      Plaintiff has timely commenced this action within ninety (90) days of his receipt of the Notice of Right to Sue Letter issued by the EEOC.  See Exhibit A attached hereto.

## III.   PARTIES

8.      **Mr. Saint-Cyr** is an African American Haitian male who was employed by Defendant from approximately September 2005 to June 201, at which time he worked in the split case peak department.

9.      At all times pertinent to this action, **Mr. Saint-Cyr** was a covered employee, and the Defendant, singularly and collectively, were covered employers, for purposes of Title VII.

2

10.     Defendant **Walgreen Co.** (hereinafter also referred to as **"Walgreen"**) is a Illinois Corporation, licensed to and doing business within this judicial district.

### IV.     FACTUAL ALLEGATIONS

11.     **Mr. Saint-Cyr** commenced his employment with Walgreen on or about September 12, 2005 as a General Warehouse Staff in the Split Case Peak department.

12.     Prior to the incidents, which are the subject matter of this case, Mr. Saint-Cyr, an African American of Haitian decent, had no prior write ups or poor job evaluations while he was employed at Walgreens for a period of almost 15 years.

13.     On August 29, 2018, **Mr. Saint-Cyr** arrived at work at 7:30 pm.

14.     **Mr. Saint-Cyr's** team member, Carlos Serverrdra, (hereinafter called "Mr. Severrdra"), a Hispanic male, came to **Mr. Saint-Cyr's** bay that evening.

15.     Mr. Severrdra bullied Mr. Saint-Cyr and pushed Mr. Saint-Cyr with his shoulder.

16.     Mr. Severrdra then attempted to put his name on Mr. Saint-Cyr's bay number.

17.     **Mr. Saint-Cyr** reported this incident to his supervisor, Las De La Rosa, (hereinafter called Mr. De La Rosa").

18.     Chris advised **Mr. Saint-Cyr** to go to section L2 after **Mr. Saint-Cyr** returned from his break.

19.     A Walgreens manager by the name of Jeremy, whose last name is unknown at this time, sent **Mr. Saint-Cyr** home after approximately two hours from when **Mr. Saint-Cyr** began to work at a different section.

20.     **Mr. Saint-Cyr** was advised by one of his co-workers that Mr. Severrdra got to stay at work, while **Mr. Saint-Cyr** was sent home, even though that **Mr. Saint-Cyr** was bullied and attacked by Mr. Severrdra.

21.     **Mr. Saint-Cyr** went to the Human Resources Department the following morning to report the incident that occurred the previous evening.

22.     **Mr. Saint-Cyr** was taken to the Human Resources Department later that evening by a Walgreens manager by the name of Chris Gaullickson, (hereinafter called "Mr. Gaullickson").

23.     Mr. Gaullickson wrote up **Mr. Saint-Cyr** even though **Mr. Saint-Cyr** did not do anything wrong.

24.     In February of 2019, **Mr. Saint-Cyr** was invited to a meeting to discuss how improvements could be made at Walgreens.

25.     **Mr. Saint-Cyr** advised at the meeting that other employees' federally protected rights were being violated at Walgreens.

26.     **Mr. Saint-Cyr** had an EP% of 100% prior to the meeting; however, after the meeting, Mr. Gaullickson lowered **Mr. Saint-Cyr's** EP% to 99.124%.

27.     **Mr. Saint-Cyr** received less preferential treatment than his other colleagues at work who were Caucasian and Hispanic.

28.     **Mr. Saint-Cyr's** EP% was higher than other Caucasian and Hispanic employees at Walgreens; however, **Mr. Saint-Cyr** was being punished for his EP% score, while those other employees with a lower score were left alone.

29.     **Mr. Saint-Cyr** was advised that if he did not improve his EP% score, he would be terminated.

30.     On April 19, 2019, Mr. Gaullickson advised **Mr. Saint-Cyr** that he was being transferred from the split peak department to the full case peak department, which is comprised of lifting heavy items, or Mr. Saint-Cyr would be fired.

31.     **Mr. Saint-Cyr** was transferred from the split peak department to full case peak department

4

out of retaliation and punishment.

32.     The full case peak department is mostly comprised of younger Haitian employees.

33.     The department had approximately two Mexican people, one other elderly Haitian employee, and no Caucasians, other than supervisors.

34.     Walgreens management advised **Mr. Saint-Cyr** that he had six weeks to lift 3,500 boxes a night or 2,500 boxes of water and iced tea a night.

35.     Walgreens knew or should have known that **Mr. Saint-Cyr** could not perform full case peak effectively at his elderly age.

36.     **Mr. Saint-Cyr** was suspended because he could not physically comply with his Walgreens job description.

37.     Walgreens wrongfully terminated **Mr. Saint-Cyr** and did not provide him with a reason for his termination.

38.     **Mr. Saint-Cyr** continued to suffer harassment and discrimination in the workplace and, until he was terminated, was subjected to unprecedented scrutiny and orders based upon his complaints of being targeted as the victim of racial harassment.

39.     As a result of the continual discriminatory racial harassment, and retaliation he has faced at the workplace of the Defendant, **Mr. Saint-Cyr** filed an EEOC charge of discrimination, in August 19, 2020, received a Notice of Right to Sue Letter, and timely pursued an action.

## V.     COUNT I (Discrimination)

40.     Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

41.     Plaintiff is a member of a protected class.

42.     Plaintiff was qualified for his position.

5

43.     Plaintiff suffered an adverse employment action.

44.     Defendant has intentionally and purposefully violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, 42 USC 1981 et seq and under the Florida Civil Rights Act, Florida Statutes, Section 760.10, *et seq.* Including depriving the Plaintiff of the ability, right, benefit, and opportunity to make, perform, modify his employment relationship with the Defendant, on account of race, national origin, and age.

45.     As a proximate cause of Defendant's action described above, Plaintiff has suffered monetary damages as well as emotional injury and will continue to suffer from same in the foreseeable future and should be awarded relief pursuant to the Title VII of the Civil Rights Act of 1964, 42 USC 2000e. 42 USC 1981. et seq and Florida Statute, 760.10 *et seq.*, against the Defendant.

## VI.    COUNT II (Retaliation)

46.     Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

47.     Plaintiff experienced illegal discrimination and harassment.

48.     Plaintiff was engaged in a protected activity.

49.     Defendant took an adverse action against Plaintiff in response to Plaintiff experiencing illegal discrimination and harassment.

50.     Defendant has intentionally and purposefully violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. AND the Florida Civil Rights Act, Florida Statutes, Section 760.10, et seq.  including depriving the Plaintiff of the ability, right, benefit, and opportunity to make, perform, modify his employment relationship with the Defendants.

51.     As a proximate cause of Defendant's action described above, Plaintiff has suffered monetary damages as well as emotional injury and will continue to suffer from same in the

6

foreseeable future and should be awarded relief pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.  and the Florida Statute, 760.10 et seq., against the Defendants.

## VII.   COUNT III (FLORIDA WHISTLE-BLOWER ACT/FLORIDA STATUTES §448.102(3))

52.     Plaintiff repeats and re-alleges Paragraphs 1- 39 above as though set forth herein.

53.     The Plaintiff engaged in protected activity under the Act by objecting to and refusing to participate in, an activity, policy, or practice of the Defendants, which is in violation of a law, rule, or regulation.

54.     The Defendant wrongfully retaliated against the Plaintiff by terminating his from his position, in violation of the Act, because of Plaintiff's protected activity under the Act.

55.     As a direct and proximate result of the Defendant's unlawful conduct, Plaintiffs have and will continue to suffer damages.

## VIII.   REQUEST FOR REFIEF

WHEREFORE, Plaintiff prays that this Court:

(a)   Accept jurisdiction over this matter;

(b)   Enter a judgment that Defendant's acts and practices as set forth herein are in violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, 42 USC 1981 et seq. AND Florida Civil Rights Act, Florida Statutes, Section 760.10, et seq., and permanently enjoin such behavior;

(c)   Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm to Plaintiff and others;

(d)   Award Plaintiff compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendant's discrimination;

7

(e)  Award Plaintiff exemplary and/or punitive damages.

(f)  Award Plaintiff with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(g)  Grant Plaintiff such other and further relief as this Court finds necessary and proper.

## IX.   JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages in this action.

## DESIGNATION OF EMAIL ADDRESS

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, Counsel for Defendant hereby designates the following primary email address for service of court documents: ColinRichardsLaw@gmail.com.

Dated this 19th day of February, 2021.

/s/ Colin Richards, Esq.,
Colin Richards, Esq.
Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
By: /s/ Colin Richards
Florida Bar No.: 0109234

8

**<u>EXHIBIT A</u>**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Gilbert Saint-Cyr**
**818 Foresteria Drive**
**West Palm Beach, FL 33403**

From: **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **511-2019-01987** | **Erline Jocelyn,**<br>**Investigator** | **(786) 648-5800** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Erika LaCour*

for **BRADLEY A. ANDERSON,**
**Acting District Director**

08-19-2020
(Date Mailed)

Enclosures(s)

cc: **Respondent's Representative**
**Kim Metrick**
**Vice President, Employment Law**
**Walgreen Co.**
**104 Wilmot Road**
**MS#144W**
**Deerfield, IL 60015**

**Charging Party's Representative**
**Colin Richards, Esquire**
**COLIN RICHARDS LAW, P.A.**
**1218 The Pointe Drive**
**West Palm Beach, FL 33409**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   —   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 — not* 12/1/10 — in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   —   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   —   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                    Case #: 50-2020-CA-012542-XXXX-MB

            Plaintiff,

vs.

**WALGREEN CO.**
            a Foreign for-Profit Corporation,

            Defendant.

_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

To: WALGREEN CO.,
Address: Prentice-Hall Corporation System, Inc..
1201 Hays Street, Suite 105, Tallahassee, FL 32301

### SUMMONS: PERSONAL SERVICE ON A CORPORATION

### IMPORTANT

        A lawsuit has been filed against you. You have 20 calendar days after this summons is
service on you to file a written response to the attached complaint with the clerk of this court,
located at: CLERK OF THE CIRCUIT COURT, 205 N Dixie Hwy, West Palm Beach, FL
33401. A phone call will not protect you. Your written response, including the case number
given above and the names of the parties, must be filed if you want the court to hear your side of
the case. If you do not file your response on time, you may the case, and your wages, money, and
property may be taken without further warning from the court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you
may call an attorney referral service or a legal aid office (listed in the phone book).

        If you choose to file a written response yourself, at the same time you file your written
response to the court you must also mail or take a copy of your written response to the
"Plaintiff/Plaintiff's Attorney" at: <u>Colin Richards Law P.A., 1218 The Pointe Drive, West Palm
Beach, FL 33409.</u>

### IMPORTANTE

        Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta
notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una
llamada telefónica no lo protegera. Si usted desea que el tribunal considere su defensa, debe

presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y pordria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen ostros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de si respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numbero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocates ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

_____
Plaintiff/Plaintiff's Attorney

_____
Address
THE STATE OF FLORIDA

To Each Sheriff of the State: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named defendant.

Dated **Mar 02 2021**

**JOSEPH ABRUZZO**
[Name of the Clerk]
Clerk of the Circuit Court

By: _____
as Deputy Clerk

**JOSIE LUCCE**

NOT A CERTIFIED COPY

## RETURN OF SERVICE

| State of Florida | County of Palm Beach | Circuit Court |
|---|---|---|

Case Number: 50-2020-CA-012542-XXXX-MB

Plaintiff:
**GILBERT SAINT-CYR,**

vs.

Defendant:
**WALGREEN CO. a Foreign for-Profit Corporation,**

For:
COLIN RICHARDS, ESQ.
COLIN RICHARDS LAW, P.A.
1218 THE POINTE DRIVE
WEST PALM BEACH, FL 33409

Received by COURTESY PROCESS SERVERS on the 2nd day of March, 2021 at 5:01 pm to be served on **WALGREEN CO. C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC., AS REG. AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **3rd day of March,** 2021 at 9:30 am, I:

**CORPORATE / LLC:** served by delivering a true copy of the **SUMMONS; FIRST AMENDED COMPLAINT WITH EXHIBIT(S)** with the date and hour of service endorsed thereon by me, to: **RONNIE LONG as AUTHORIZED REPRESENTATIVE** for the Registered Agent of WALGREEN CO. C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC., AS REG. AGENT at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301,** and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 25+, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 150, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**COURTESY PROCESS SERVERS**
**6800 BIRD ROAD**
**SUITE 191**
**MIAMI, FL 33155**
**(305) 330-1855**

Our Job Serial Number: MCN-2021002676

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Gilbert St. Cyr
_____
Plaintiff,

vs.

Walgreen Co.
_____
Defendant.

CASE NO. SO-2020-CA-012542-
ŦŦŦ - MB

**NONMILITARY AFFIDAVIT**

On this day personally appeared before me, the undersigned authority, Gilbert
St. —Cyr_____, who, after being first duly sworn, says:
Defendant, Walgreen Co_____, is known
by Affiant not to be in the military service or any governmental agency or branch subject to the
provisions of the Soldiers' and Sailors' Civil Relief Act.

DATED: 3/26/21

STATE OF FLORIDA

COUNTY OF Palm Beach

Gilbert ST CYR
_____
Signature of Affiant
Name: GILBERT ST CYR
Address: 818 FORESTERIA DR
W.P.B. FL 33405
Telephone No.: 561-301-3957

Sworn to (or affirmed) and subscribed before me by means of ☒ physical presence or ☐ online
notarization, this 3-26-21 by Gilbert St Cyr, who is personally known to
me or who has produced NL#S326280671400 as identification.

Freynel JnBaptiste
_____
NOTARY PUBLIC, STATE OF FLORIDA
Name: FREYNEL JNBAPTISTE
Commission No.: GG 199653
My Commission Expires: 3-25-2022

[Notary seal: Notary Public State of Florida / Freynel R JnBaptiste / My Commission GG 199653 / Expires 03/25/2022]

I CERTIFY that I ✓ mailed, _____ faxed and mailed, or _____ hand delivered a copy of this
motion and attached affidavit to the Defendant at 1201 Hays Street, Ste 105, Tallahassie, FL
[insert address at which Tenant was served and fax number if sent by fax].  32301
Name Walgreen Co_____
Address_____
Fax No. _____

This form was completed with the assistance of: Name: Colin Richards, Esq
Address: 1218 The Pointe Drive      Telephone Number: 786-286-0076
West Palm Beach, FL 33409

Approved for use under rule 10-2.1(a) of the Rules Regulating The Florida Bar 2010.

**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                   Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

**WALGREEN CO.**
      a Foreign for-Profit Corporation,

      Defendant.

_____/

## MOTION FOR DEFAULT

    **PLAINTIFF**, GILBERT SAINT-CYR, by and through his undersigned counsel, moves for the entry of Default by the Clerk against Defendant, WALGREEN CO., for failure to serve any papers on the undersigned or file any papers as required by law.

Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
By: /s/ Colin Richards
Florida Bar No.: 0109234

## <u>DEFAULT</u>

**A DEFAULT** is hereby entered in this action against the above-named Defendant, WALGREEN CO., for failure to serve or file any papers as required by law.

**WITNESS** my hand and seal of said Court.

_____

Deputy Clerk

**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                        Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

**WALGREEN CO.**
      a Foreign for-Profit Corporation,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR AN ORDER FOR FINAL JUDGMENT AFTER DEFAULT, COURT COSTS, STATUTORY INTEREST, AND ATTORNEYS' FEES

      **PLAINTIFF, GILBERT SAINT-CYR,** by and through his undersigned attorney, and pursuant to §§ Fla. Stat. 57.041, 55.03, and Fla. R. Civ. P., 1.500 and 1.525, moves this Court for an entry of a Final Judgment After Default, awarding the principal amount of damages, court costs, attorneys' fees, and statutory interest to Plaintiff. In support of this motion, Plaintiff states as follows:

1.     On April 1, 2021, the Clerk of Court entered a default judgment against Defendant because Defendant failed to file any papers in this matter.

2.     To date, Defendant failed to file or serve any paper in this action or otherwise defend as provided by these rules or any applicable statute or any order of court.

3.     As the prevailing party in this action, Plaintiff seeks an order for Final Judgment After Default, and an award for:

    (a) principal damages in the amount of $5,000,000.00;

    (b) Costs of $785.39;

    (c) Attorneys' Fees of $7,155.00;

    (d) the Florida statutory interest rate as it accrues on the judgment until the judgment is paid in full at 4.31% per year.

**WHEREFORE,** Plaintiff, respectfully requests this Court enter an order for Final Judgment After Default, and an award for:

1. Principal damages; $5,000,000.00;

2. Costs of $785.39;

3. Attorneys' Fees of $7,155.00;

4. Florida statutory interest; and

5. any other relief this Court deems just, equitable and proper to enforce this order.

   **Total: $5,007,940.39**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served a correct copy of the foregoing by U.S. mail on this 14th day of April 2021, upon Walgreen Co., at 1201 Hays Street, Suite 105, Tallahassee, FL 32301.

Respectfully submitted,

Colin Richards, Esq.
Colin Richards Law P.A.
Attorney for Plaintiff
1218 The Pointe Drive
West Palm Beach, Florida 33409-1917
Phone: (786) 286-0076
Email: colinrichardslaw@gmail.com
 /s/  Colin Richards
Florida Bar Number: 109234

**IN THE CIRCUIT COURT OF THE FIFTEENTH**
**JUDICIAL CIRCUIT IN AND FOR PALM BEACH**
**COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                   Case #: 50-2020-CA-012542-XXXX-MB

     Plaintiff,

vs.

**WALGREEN CO.**

     a Foreign for-Profit Corporation,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF HEARING

     **PLEASE TAKE NOTICE** that on April 29th, 2021, at 3:15 p.m., or as soon thereafter as counsel can be heard, **PLAINTIFF'S MOTION FOR AN ORDER FOR FINAL JUDGMENT AFTER DEFAULT, COURT COSTS, STATUTORY INTEREST, AND ATTORNEYS' FEES**, will be heard in the above referenced case, before Judge Janis Keyser, via zoom
https://us02web.zoom.us/j/86411555087?pwd=MllSOHU2UktEODFISENudnV4NGRkZz09.

     **PLEASE GOVERN YOURSELF ACCORDINGLY**

\*\*\* FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK. 04/14/2021 12:21:52 PM \*\*\*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I served a correct copy of the foregoing by U.S. mail on this 14th day of April 2021, upon Walgreen Co., at 1201 Hays Street, Suite 105, Tallahassee, FL 32301.

Respectfully submitted,

/s/Colin Richards
Colin Richards Esq.
Florida Bar No.: 0109234
Email: ColinRichardsLaw@gmail.com
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
*Attorney for the Plaintiff*

Filing # 125083816 E-Filed 04/16/2021 02:55:24 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AB
CASE NO. 50-2020-CA-012542-XXXX-MB

GILBERT SAINT-CYR,
   Plaintiff/Petitioner
vs.
WALGREEN CO,
   Defendant/Respondent.
_____/

## ORDER SETTING SPECIAL SET HEARING
### Via Court Hosted Zoom*
### *Pursuant to Administrative Order 12.510

     The following matter has been specially set for hearing before JUDGE JANIS KEYSER via Zoom:

     **DATE:** Thursday, April 29, 2021

     **TIME:** 3:15 PM (15 mins.)

     **MATTER:** PLAINTIFF'S MOTION FOR AN ORDER FOR FINAL JUDGMENT AFTER DEFAULT, COURT COSTS, STATUTORY INTEREST, AND ATTORNEYS' FEES

     **THIS MATTER HAS BEEN SPECIALLY SET BY COURT ORDER AND CANNOT BE CANCELED OR RESET EXCEPT BY COURT ORDER.**

**Zoom Meeting Info:**
**Zoom Meeting ID: 86411555087**
**Zoom Meeting Password: 91767490**
**Zoom Join Link: https://us02web.zoom.us/j/86411555087?pwd=MllSOHU2UktEODFISENudnV4NGRkZz09**
**Zoom Dial-In Numbers: 8778535257. 8884754499**

     IT IS THE INTENT OF THIS COURT TO DISPOSE OF THE SUBJECT MATTER OF THE SPECIALLY SET MOTION ON THE DATE AND TIME APPEARING ABOVE. Accordingly, all counsel or self-represented parties must either: (1) appear by teleconference call at the hearing; or (2) submit an Agreed Order disposing of the motion at least 48 business hours prior to the hearing.

**AT LEAST TWO (2) DAYS PRIOR TO THE HEARING, THE PARTIES SHALL FILE WITH THE CLERK AND/OR SUBMIT VIA E-COURTESY ALL MOTIONS, RESPONSES, EXHIBITS THERETO, MEMORANDA AND CASE AUTHORITY.**

One or more of the parties who may be affected by the motion are self represented.

Page 1 of 3

Case No. 50-2020-CA-012542-XXXX-MB

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida.

50-2020-CA-012542-XXXX-MB    04/15/2021
Janis Brustares Keyser    Circuit Judge

50-2020-CA-012542-XXXX-MB      04/15/2021
Janis Brustares Keyser
Circuit Judge

Copies furnished VIA JUDICIAL E-SERVICE (U.S. MAIL to pro se parties):

| | | |
|---|---|---|
| WALGREEN CO | 104 WILMOT RD, 4TH FLOOR, MS#144W DEERFIELD, IL 60015 | No E-mail Address Available |
| COLIN HF RICHARDS | 1218 THE POINTE DRIVE WEST PALM BEACH, FL 33409 | colinrichardslaw@gmail.com colinrichardslaw@gmail.com colinrichardslaw@gmail.com sharps81@aol.com |

Case No. 50-2020-CA-012542-XXXX-MB

This notice is provided pursuant to Administrative Order No. 2.207

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

### IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
### IN AND FOR PALM BEACH COUNTY, FLORIDA
### CIVIL DIVISION

**GILBERT SAINT-CYR,**

          **Plaintiff,**

**v.**                                    **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

          **Defendant.**

_____/

### DEFENDANT'S MOTION TO SET ASIDE CLERK'S DEFAULT

Defendant WALGREEN CO., by and through its undersigned attorneys, pursuant to Rule 1.500(d) of the Florida Rules of Civil Procedure, requests that the Court set aside the Clerk's default entered against Defendant. There is good cause to set aside the Clerk's Default because it will not prejudice Plaintiff and Defendant's failure to respond was not due to gross negligence, but rather due to mistake, excusable neglect, or inadvertence. In support of this Motion, Defendant states the following:

1.      On February 19, 2021, Plaintiff filed his First Amended Complaint against Defendant, alleging: (1) discrimination on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981" ), as well as his race, national origin, and age in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01-760.11 ("FCRA"); (2) retaliation for protected activity in violation of Title VII and the FCRA; and (3) retaliation for protected activity in violation of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102. ("FWA").

2.      On March 30, 2021, Plaintiff filed a Motion for Default in conjunction with a return of service on Defendant dated March 3, 2021.

3.      On April 1, 2021, the Clerk entered a default against Defendant.

4.      On April 14, 2021, Plaintiff filed a Motion for an Order for Final Judgment after Default, Court Costs, Statutory Interest, and Attorney's Fees ("Motion for Final Judgment").  In that Motion, Plaintiff requested an award including $5,000,000.00 in damages, $785.39 in costs, and $7,155.00 in attorney's fees.

5.      On April 16, 2021, the Court entered an Order Setting Special Set Hearing, scheduling a hearing on Plaintiff's Motion for Final Judgment on April 29, 2021, at 3:15 p.m.

6.      Prior to filing this lawsuit and during underlying proceedings before the Equal Opportunity Employment Commission ("EEOC"), Plaintiff's counsel was in communication with Frank A. Bear, Esq., Defendant's in-house employment counsel.  On both July 3, 2020, and November 15, 2020, Plaintiff's counsel committed via e-mail to notifying Mr. Bear when Plaintiff's Complaint had been served on Defendant.  Plaintiff's counsel did not do so.  Nor did Plaintiff's counsel make any effort to contact Mr. Bear or provide him with copies of Plaintiff's return of service, Motion for Default, the Clerk's Default, Motion for Final Judgment, or the Order Setting Special Set Hearing.

7.      Although Defendant's registered agent was served with a copy of the summons and First Amended Complaint in this case on March 3, 2020, a copy of those documents was not provided to Mr. Bear through inadvertence or excusable neglect.[1]  Both Mr. Bear and the undersigned first became aware that Defendant had been served, default had been entered, and the hearing on Plaintiff's Motion for Final Judgment had been set on April 23, 2021, when the undersigned conducted a routine review of the docket in this case.[2]  Following that review,

---

[1] Defendant is not asserting that service was improper.  It has not had sufficient time to investigate why Mr. Bear did not receive notice of service, as it filed this motion as soon as possible after discovering the Clerk's default.  At most, however, the lack of notice is due to excusable neglect and it would not prejudice Plaintiff to set aside this default.

[2] Defendant's counsel routinely monitors cases filed against Defendant and the status of such cases.  Defendant and

2

Defendant promptly filed this Motion to Set Aside the Clerk's Default.

8.      Defendant requests that the Court set aside the Clerk's default due to mistake, inadvertence, and excusable neglect.  Plaintiff will suffer no prejudice in having to litigate his claims on the merits. Indeed, Plaintiff sought a jury trial in his First Amended Complaint.  It would not be prejudicial to require Plaintiff to prove his claim, as he sought in his First Amended Complaint.  Even by granting this relief, Plaintiff will retain his right to present his case and will not be impeded in doing so. Additionally, Defendant discovered the entry of default and moved for relief the same day.  Defendant has not been dilatory in its efforts to vacate the Clerk's default upon discovery of same.  As such, Plaintiff will not suffer prejudice if the entry of default is vacated.

9.      Furthermore, Defendant has a substantial, meritorious defense to the claims pled in the First Amended Complaint.  In particular, Plaintiff's employment with Defendant was terminated as a result of Plaintiff's poor performance, not based on any discriminatory or retaliatory animus.  Plaintiff cannot show any direct evidence of discriminatory or retaliatory animus and further cannot satisfy the elements of a *prima facie* case of discrimination or retaliation. See Jefferson v. Sewon Am., Inc., 891 F.3d 911, 921 (11th Cir. 2018); Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).[3]  Specifically, Plaintiff cannot show the existence of proper comparators in order to establish a *prima facie* case of discrimination. See Lewis v. City of Union City, Ga., 918 F.3d 1213, 1229 (11th Cir. 2019).  Nor has Plaintiff alleged any protected activity which could support a claim of retaliation under Title VII, the FCRA, or the

---

its counsel were aware Plaintiff had filed this action but were unaware of any attempt at service, application for or entry of default, motion for final judgment, or hearing on such a motion until the date of this Motion.
[3] Claims under Section 1981 and the FCRA are considered under the same legal standard as Title VII. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 n.14 (11th Cir. 2011) (citing Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991)); Albra v. Advan, Inc., 490 F.3d 826, 834 (11th Cir. 2007) (quoting Byrd v. BT Foods, Inc., 948 So. 2d 921, 925 (Fla. 4th DCA 2007)).

3

FWA.  See Luna v. Walgreen Co., 347 Fed. Appx. 469, 472 (11th Cir. 2009) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (2001)); Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 465 (Fla. 2d DCA 2015) (concluding that an actual violation of the law is required for FWA claims).  Even if Plaintiff could establish a *prima facie* case of discrimination, he cannot satisfy his ultimate burden to prove that the legitimate, nondiscriminatory, nonretaliatory reason articulated by Defendant is pretext and the real reason for his termination was discrimination or retaliation.  See Siddiqui v. NetJets Aviation, Inc., 773 Fed. App'x 562, 564-65 (11th Cir. 2019); Ware v. City of Panama City, Fla., 762 Fed. App'x 949, 952 (11th Cir. 2019) (citing Alvarez, 610 F.3d at 1267); Marable v. Marion Military Inst., 595 F. App'x 921, 925 (11th Cir. 2014).

10.     In light of the meritorious defense outlined above and the lack of gross negligence on the part of Defendant, the Court should set aside the Clerk's default and provide Defendant with ten days from the date of an order granting this Motion to respond to the First Amended Complaint.  Gelis v. Schuster, 562 So.2d 412, 413 (Fla. 5th DCA 1990) (concluding that, under Rule 1.500, the absence of gross negligence and presence of a meritorious defense are grounds for setting aside a default prior to final judgment.); see also Hunt Exterminating Co., Inc. v. Crum, 598 So. 2d 113, 115 (Fla. 2d DCA 1992).

11.     Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits.  Lloyd's Underwriters at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001) (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962)). In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits." Id. (quoting N. Shore Hosp., 143 So.2d at 853, quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (Fla. 1931)); see also Monte Campbell Crane Co., Inc. v. Hancock, 510

So. 2d 1104, 1106 (Fla. 4th DCA 1987) ("[T]here is a policy to set aside defaults liberally.").

WHEREFORE, for all of the foregoing reasons, Defendant requests that the Court set aside the Clerk's default and deny Plaintiff's Motion for Final Judgment.

DATED this 23rd day of April, 2021.

Respectfully submitted,

**s/ *Benjamin W. Bard***
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
BENJAMIN W. BARD
Florida Bar No.: 95514
benjamin.bard@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>23rd</u> day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

Colin Richards, Esq.
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409
ColinRichardsLaw@gmail.com

ATTORNEY FOR PLAINTIFF

*s/ Benjamin W. Bard*
Attorney

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA
## CIVIL DIVISION

**GILBERT SAINT-CYR,**

       **Plaintiff,**

**v.**                             **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

       **Defendant.**

_____/

## DEFENDANT'S RESPONSE TO MOTION FOR ORDER FOR FINAL JUDGMENT
## AFTER DEFAULT AND AMENDED MOTION TO SET ASIDE CLERK'S DEFAULT

Defendant WALGREEN CO., by and through its undersigned attorneys, pursuant to Rule 1.500(d) of the Florida Rules of Civil Procedure, responds to Plaintiff's Motion for an Order for Final Judgment after Default, Court Costs, Statutory Interest, and Attorney's Fees ("Motion for Final Judgment") and requests that the Court deny that Motion for Final Judgment, as well as set aside the Clerk's default entered against Defendant. There is good cause to set aside the Clerk's Default because it will not prejudice Plaintiff and Defendant's failure to respond was not due to gross negligence, but rather due to mistake, excusable neglect, or inadvertence. In support of this Motion, Defendant states the following:

1. On February 19, 2021, Plaintiff filed his First Amended Complaint against Defendant, alleging: (1) discrimination on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981" ), as well as his race, national origin, and age in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01-760.11 ("FCRA"); (2) retaliation for protected activity in violation of Title VII and the FCRA; and (3) retaliation for protected activity in violation of the Florida

Private Sector Whistleblower Act, Fla. Stat. § 448.102. ("FWA").

2.     On March 30, 2021, Plaintiff filed a Motion for Default in conjunction with a return of service on Defendant dated March 3, 2021.

3.     On April 1, 2021, the Clerk entered a default against Defendant.

4.     On April 14, 2021, Plaintiff filed a Motion for an Order for Final Judgment after Default, Court Costs, Statutory Interest, and Attorney's Fees ("Motion for Final Judgment").  In that Motion, Plaintiff requested an award including $5,000,000.00 in damages, $785.39 in costs, and $7,155.00 in attorney's fees.

5.     On April 16, 2021, the Court entered an Order Setting Special Set Hearing, scheduling a hearing on Plaintiff's Motion for Final Judgment on April 29, 2021, at 3:15 p.m.

6.     Prior to filing this lawsuit and during underlying proceedings before the Equal Opportunity Employment Commission ("EEOC"), Plaintiff's counsel was in communication with Frank A. Bear, Esq., Defendant's in-house employment counsel.  On both on July 3, 2020, and November 15, 2020, Plaintiff's counsel committed via e-mail to notifying Mr. Bear when Plaintiff's Complaint had been served on Defendant.  Plaintiff's counsel did not do so.  Nor did Plaintiff's counsel make any effort to contact Mr. Bear or provide him with copies of Plaintiff's return of service, Motion for Default, the Clerk's Default, Motion for Final Judgment, or the Order Setting Special Set Hearing.

7.     Although Defendant's registered agent was served with a copy of the summons and First Amended Complaint in this case on March 3, 2020, a copy of those documents was not provided to Mr. Bear through inadvertence or excusable neglect.[1]   Both Mr. Bear and the

---

[1] Defendant is not asserting that service was improper.  It has not had sufficient time to investigate why Mr. Bear did not receive notice of service, as it filed this motion as soon as possible after discovering the Clerk's default.  At most, however, the lack of notice is due to excusable neglect and it would not prejudice Plaintiff to set aside this default.

undersigned first became aware that Defendant had been served, default had been entered, and the hearing on Plaintiff's Motion for Final Judgment had been set on April 23, 2021, when the undersigned conducted a routine review of the docket in this case.[2]  Following that review, Defendant promptly filed this Motion to Set Aside the Clerk's Default.

8.      Defendant requests that the Court set aside the Clerk's default due to mistake, inadvertence, and excusable neglect.  Plaintiff will suffer no prejudice in having to litigate his claims on the merits. Indeed, Plaintiff sought a jury trial in his First Amended Complaint.  It would not be prejudicial to require Plaintiff to prove his claim, as he sought in his First Amended Complaint.  Even by granting this relief, Plaintiff will retain his right to present his case and will not be impeded in doing so. Additionally, Defendant discovered the entry of default and moved for relief the same day.  Defendant has not been dilatory in its efforts to vacate the Clerk's default upon discovery of same.  As such, Plaintiff will not suffer prejudice if the entry of default is vacated.

9.      Furthermore, Defendant has a substantial, meritorious defense to the claims pled in the First Amended Complaint.  In particular, Plaintiff's employment with Defendant was terminated as a result of Plaintiff's poor performance, not based on any discriminatory or retaliatory animus.  Plaintiff cannot show any direct evidence of discriminatory or retaliatory animus and further cannot satisfy the elements of a *prima facie* case of discrimination or retaliation. See Jefferson v. Sewon Am., Inc., 891 F.3d 911, 921 (11th Cir. 2018); Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).[3]  Specifically, Plaintiff cannot show the

---

[2] Defendant's counsel routinely monitors cases filed against Defendant and the status of such cases.  Defendant and its counsel were aware Plaintiff had filed this action but were unaware of any attempt at service, application for or entry of default, motion for final judgment, or hearing on such a motion until the date of this Motion.

[3] Claims under Section 1981 and the FCRA are considered under the same legal standard as Title VII. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 n.14 (11th Cir. 2011) (citing Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991)); Albra v. Advan, Inc., 490 F.3d 826, 834 (11th Cir. 2007) (quoting Byrd v. BT Foods, Inc., 948 So. 2d 921, 925 (Fla. 4th DCA 2007)).

existence of proper comparators in order to establish a *prima facie* case of discrimination. See Lewis v. City of Union City, Ga., 918 F.3d 1213, 1229 (11th Cir. 2019).  Nor has Plaintiff alleged any protected activity which could support a claim of retaliation under Title VII, the FCRA, or the FWA.  See Luna v. Walgreen Co., 347 Fed. Appx. 469, 472 (11th Cir. 2009) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (2001)); Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 465 (Fla. 2d DCA 2015) (concluding that an actual violation of the law is required for FWA claims).  Even if Plaintiff could establish a *prima facie* case of discrimination, he cannot satisfy his ultimate burden to prove that the legitimate, nondiscriminatory, nonretaliatory reason articulated by Defendant is pretext and the real reason for his termination was discrimination or retaliation.  See Siddiqui v. NetJets Aviation, Inc., 773 Fed. App'x 562, 564-65 (11th Cir. 2019); Ware v. City of Panama City, Fla., 762 Fed. App'x 949, 952 (11th Cir. 2019) (citing Alvarez, 610 F.3d at 1267); Marable v. Marion Military Inst., 595 F. App'x 921, 925 (11th Cir. 2014).

10.     In light of the meritorious defense outlined above and the lack of gross negligence on the part of Defendant, the Court should set aside the Clerk's default and provide Defendant with ten days from the date of an order granting this Motion to respond to the First Amended Complaint.  Gelis v. Schuster, 562 So.2d 412, 413 (Fla. 5th DCA 1990) (concluding that, under Rule 1.500, the absence of gross negligence and presence of a meritorious defense are grounds for setting aside a default prior to final judgment.); see also Hunt Exterminating Co., Inc. v. Crum, 598 So. 2d 113, 115 (Fla. 2d DCA 1992).

11.     Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits.  Lloyd's Underwriters at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001) (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962)).  In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it

should be resolved in favor of granting the application and allowing a trial upon the merits." Id. (quoting N. Shore Hosp., 143 So.2d at 853, quoting State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40, 43 (Fla. 1931)); see also Monte Campbell Crane Co., Inc. v. Hancock, 510 So. 2d 1104, 1106 (Fla. 4th DCA 1987) ("[T]here is a policy to set aside defaults liberally.").

WHEREFORE, for all of the foregoing reasons, Defendant requests that the Court set aside the Clerk's default and deny Plaintiff's Motion for Final Judgment.

DATED this 26th day of April, 2021.

Respectfully submitted,

s/ Benjamin W. Bard
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
BENJAMIN W. BARD
Florida Bar No.: 95514
benjamin.bard@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

Colin Richards, Esq.
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409
ColinRichardsLaw@gmail.com

ATTORNEY FOR PLAINTIFF

*s/ Benjamin W. Bard*
Attorney

6

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA
### CIVIL DIVISION

**GILBERT SAINT-CYR,**

      **Plaintiff,**

**v.**                                   **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

      **Defendant.**

_____/

## DEFENDANT'S NOTICE OF APPEARANCE
## AND DESIGNATION OF EMAIL ADDRESSES

PLEASE TAKE NOTICE that BENJAMIN W. BARD of the law firm of GRAYROBINSON, P.A., will be appearing as counsel for Defendant, WALGREEN CO. ("Defendant"). All future notices and pleadings of whatsoever kind should be directed to GREGORY A. HEARING, and BENJAMIN W. BARD of GRAYROBINSON, P.A. at its offices located at 401 E. Jackson Street, Suite 2700, Tampa, Florida 33602.

Pursuant to Florida Rule of Judicial Administration 2.516, Defendant hereby designates the primary and secondary email addresses for counsel of record in this matter.

For Attorney Benjamin W. Bard:

1. Primary email address:   benjamin.bard@gray-robinson.com

2. Secondary email address: michelle.mcleod@gray-robinson.com;
                                    valerie.taylor@gray-robinson.com

DATED this 26th day of April, 2021.

                     Respectfully submitted,

                     */s/ Benjamin W. Bard*
                     GREGORY A. HEARING
                     Florida Bar No.: 817790

BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary    email:    gregory.hearing@gray-robinson.com;
benjamin.bard@gray.robinson.com
Secondary   email:   michelle.mcleod@gray-robinson.com;
analisa.whiteside@gray-robinson.com;
valerie.taylor@gray-robinson.com

ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 26th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

Colin Richards, Esq.
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409
ColinRichardsLaw@gmail.com

ATTORNEY FOR PLAINTIFF

*<u>/s/ Benjamin W. Bard</u>*
Attorney

2

Filing # 125625199 E-Filed 04/26/2021 05:01:33 PM

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

GILBERT SAINT-CYR,

      Plaintiff,

v.                             Case No.: 50-2020-CA-012542-XXXX-MB

WALGREEN CO.,

      Defendant.

_____/

**DEFENDANT'S NOTICE OF APPEARANCE
AND DESIGNATION OF EMAIL ADDRESSES**

PLEASE TAKE NOTICE that GREGORY A. HEARING of the law firm of GRAYROBINSON, P.A., will be appearing as lead counsel for Defendant, WALGREEN CO. ("Defendant"). All future notices and pleadings of whatsoever kind should be directed to GREGORY A. HEARING, and BENJAMIN W. BARD of GRAYROBINSON, P.A. at its offices located at 401 E. Jackson Street, Suite 2700, Tampa, Florida 33602.

Pursuant to Florida Rule of Judicial Administration 2.516, Defendant hereby designates the primary and secondary email addresses for counsel of record in this matter.

For Attorney Gregory A. Hearing:

1. Primary email address:    gregory.hearing@gray-robinson.com

2. Secondary email address: michelle.mcleod@gray-robinson.com;
                                       analisa.whiteside@gray-robinson.com

DATED this 26th day of April, 2021.

Respectfully submitted,

*/s/Gregory A. Hearing*
GREGORY A. HEARING
Florida Bar No.: 817790
BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary email: gregory.hearing@gray-robinson.com;
benjamin.bard@gray.robinson.com
Secondary email: michelle.mcleod@gray-robinson.com;
analisa.whiteside@gray-robinson.com;
valerie.taylor@gray-robinson.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>26th</u> day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

Colin Richards, Esq.
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409
ColinRichardsLaw@gmail.com

ATTORNEY FOR PLAINTIFF

*/s/Gregory A. Hearing*
Attorney

2

Filing # 125669105 E-Filed 04/27/2021 11:52:40 AM

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

**GILBERT SAINT-CYR,**

       **Plaintiff,**

**v.**                              **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

       **Defendant.**

_____/

**DEFENDANT'S NOTICE OF APPEARANCE**
**AND DESIGNATION OF EMAIL ADDRESSES**

PLEASE TAKE NOTICE that JOHN G. WHITE, III of the law firm of GRAYROBINSON, P.A., will be appearing as counsel for Defendant, WALGREEN CO. ("Defendant"). All future notices and pleadings of whatsoever kind should be directed to GREGORY A. HEARING and BENJAMIN W. BARD of GRAYROBINSON, P.A. at its offices located at 401 E. Jackson Street, Suite 2700, Tampa, Florida 33602 and JOHN G. WHITE, III, of GRAYROBINSON, P.A., at its offices located at 515 N. Flagler Drive, Suite 1425, West Palm Beach, Florida 33401-4349.

Pursuant to Florida Rule of Judicial Administration 2.516, Defendant hereby designates the primary and secondary email addresses for counsel of record in this matter.

For Attorney John G. White, III:

1. Primary email address:    jay.white@gray-robinson.com

2. Secondary email address:  kathleen.mchugh@gray-robinson.com

DATED this 27th day of April, 2021.

Respectfully submitted,

GREGORY A. HEARING
Florida Bar No.: 817790
BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary    email:    gregory.hearing@gray-robinson.com;
benjamin.bard@gray.robinson.com
Secondary   email:   michelle.mcleod@gray-robinson.com;
analisa.whiteside@gray-robinson.com;
valerie.taylor@gray-robinson.com

JOHN G. WHITE, III
Florida Bar No. 389640
GRAYROBINSON, P.A.
515 N. Flagler Drive, Suite 1425
West Palm Beach, FL 33401-4349
Tel: (561) 886-4130
Fax: (561) 886-4101
Primary email: jay.white@gray-robinson.com
Secondary email: kathleen.mchugh@gray-robinson.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:  Colin Richards, Esq., Attorney for Plaintiff.

Attorney

2

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
# IN AND FOR PALM BEACH COUNTY, FLORIDA
# CIVIL DIVISION

**GILBERT SAINT-CYR,**

       **Plaintiff,**

**v.**                                **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

       **Defendant.**

_____/

## DEFENDANT'S AMENDED RESPONSE TO MOTION FOR ORDER FOR FINAL JUDGMENT AFTER DEFAULT AND MOTION TO SET ASIDE CLERK'S DEFAULT

Defendant WALGREEN CO., by and through its undersigned attorneys, pursuant to Rule 1.500(d) of the Florida Rules of Civil Procedure, files its Amended Response to Plaintiff's Motion for an Order for Final Judgment after Default, Court Costs, Statutory Interest, and Attorney's Fees ("Motion for Final Judgment") and requests that the Court deny that Motion for Final Judgment, as well as set aside the Clerk's default entered against Defendant. There is good cause to set aside the Clerk's Default because it will not prejudice Plaintiff and Defendant's failure to respond was not due to gross negligence, but rather due to mistake, excusable neglect, or inadvertence. In support of this Motion, Defendant states the following:

1.      On February 19, 2021, Plaintiff filed his First Amended Complaint against Defendant, alleging: (1) discrimination on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981" ), as well as his race, national origin, and age in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01-760.11 ("FCRA"); (2) retaliation for protected activity in violation of Title VII and the FCRA; and (3) retaliation for protected activity in violation of the Florida

Private Sector Whistleblower Act, Fla. Stat. § 448.102. ("FWA").

2.      On March 30, 2021, Plaintiff filed a Motion for Default in conjunction with a return of service on Defendant dated March 3, 2021.

3.      On April 1, 2021, the Clerk entered a default against Defendant.

4.      On April 14, 2021, Plaintiff filed a Motion for an Order for Final Judgment after Default, Court Costs, Statutory Interest, and Attorney's Fees ("Motion for Final Judgment").  In that Motion, Plaintiff requested an award including $5,000,000.00 in damages, $785.39 in costs, and $7,155.00 in attorney's fees.

5.      On April 16, 2021, the Court entered an Order Setting Special Set Hearing, scheduling a hearing on Plaintiff's Motion for Final Judgment on April 29, 2021, at 3:15 p.m.

6.      Prior to filing this lawsuit and during underlying proceedings before the Equal Opportunity Employment Commission ("EEOC"), Plaintiff's counsel was in communication with Frank A. Bear, Esq., Defendant's in-house employment counsel.  On both July 3, 2020, and November 15, 2020, Plaintiff's counsel committed via e-mail to notifying Mr. Bear when Plaintiff's Complaint had been served on Defendant.  (Exhibit 1).  Plaintiff's counsel did not do so.  (Id.).  Nor did Plaintiff's counsel make any effort to contact Mr. Bear or provide him with copies of Plaintiff's return of service, Motion for Default, the Clerk's Default, Motion for Final Judgment, or the Order Setting Special Set Hearing.  (See id.)

7.      Although Defendant's registered agent was served with a copy of the summons and First Amended Complaint in this case on March 3, 2020, a copy of those documents was not provided to Mr. Bear through inadvertence or excusable neglect.[1]  Specifically, Mr. Bear's administrative assistant received notification from Defendant's registered agent, but, due to the

---

[1] Defendant is not asserting that service was improper.  At most, however, the lack of notice is due to excusable neglect and it would not prejudice Plaintiff to set aside this default.

volume of e-mails she receives, inadvertently did not provide the notification to Mr. Bear.  (See Exhibit 1).  Both Mr. Bear and the undersigned first became aware that Defendant had been served, default had been entered, and the hearing on Plaintiff's Motion for Final Judgment had been set on April 23, 2021, when the undersigned conducted a routine review of the docket in this case.[2] Following that review, Defendant promptly filed a Motion to Set Aside the Clerk's Default.[3]

8.     Defendant requests that the Court set aside the Clerk's default due to mistake, inadvertence, and excusable neglect.  "A party seeking to set aside a clerk's default or a default judgment must demonstrate that: 1) the failure to file a responsive pleading was the result of excusable neglect; 2) the party has a meritorious defense; and 3) the party has been reasonably diligent in seeking to vacate the default after it was discovered."  Hunt Exterminating Co., Inc. v. Crum, 598 So. 2d 113, 115 (Fla. 2d DCA 1992).  Preliminarily, the circumstances described above constitute excusable neglect.  See Elliott v. Aurora Loan Servs., LLC, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) ("Excusable neglect exists 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'") (quoting Somero v. Hendry Gen. Hosp., 467 So.2d 1103, 1106 (Fla. 4th DCA 1985)).  A finding of excusable neglect and Defendant's request for relief are further supported by the fact that Plaintiff's counsel's gave Mr. Bear the impression that he would notify Mr. Bear after service had been made, but failed to do so prior to seeking the entry of default.  See Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So. 2d 810, 811 (Fla. 3d DCA 1990) ("'A default is a procedural matter within the control of the attorney, so plaintiff's counsel should contact the

---

[2] Defendant's counsel routinely monitors cases filed against Defendant and the status of such cases.  Defendant and its counsel were aware Plaintiff had filed this action but were unaware of any attempt at service, application for or entry of default, motion for final judgment, or hearing on such a motion until the date of this Motion.

[3] Defendant initially amended its motion to respond to Plaintiff's Motion for Final Judgment on April 26, 2021, and has subsequently amended that Response to include Mr. Bear's affidavit, as well as additional case law supporting Defendant's request to set aside the Clerk's default.

attorney known to be representing a defendant to determine whether the latter intends to proceed in the matter before causing a default to be entered.'") (quoting Gulf Maintenance & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So. 2d 813, 816 (Fla. 1st DCA 1989)).

9.     Moreover, Defendant has been reasonably diligent in seeking to vacate the default after it was discovered.  Indeed, Defendant did not delay in requesting relief and filed a Motion to Set Aside Clerk's Default as soon as it discovered that default had been entered.

10.    Furthermore, Defendant has a substantial, meritorious defense to the claims pled in the First Amended Complaint.   Defendant denies liability and Plaintiff's allegations of wrongdoing.[4]  In particular, Plaintiff's employment with Defendant was terminated as a result of Plaintiff's poor performance, not based on any discriminatory or retaliatory animus.  Plaintiff cannot show any direct evidence of discriminatory or retaliatory animus and further cannot satisfy the elements of a *prima facie* case of discrimination or retaliation.  See Jefferson v. Sewon Am., Inc., 891 F.3d 911, 921 (11th Cir. 2018); Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).[5]  Specifically, Plaintiff cannot show the existence of proper comparators in order to establish a *prima facie* case of discrimination. See Lewis v. City of Union City, Ga., 918 F.3d 1213, 1229 (11th Cir. 2019).  Nor has Plaintiff alleged any protected activity which could support a claim of retaliation under Title VII, the FCRA, or the FWA.  See Luna v. Walgreen Co., 347 Fed. Appx. 469, 472 (11th Cir. 2009) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1260 (2001)); Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 465 (Fla. 2d DCA 2015)

---

[4] Where no final judgment has been entered, a general denial is sufficient to demonstrate a meritorious defense.  See 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 976 (Fla. 3d DCA 2009) (citing Gibson Trust, Inc. v. Office of the Attorney Gen., 883 So.2d 379, 382–83 (Fla. 4th DCA 2004); N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962)).

[5] Claims under Section 1981 and the FCRA are considered under the same legal standard as Title VII. See Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1325 n.14 (11th Cir. 2011) (citing Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991)); Albra v. Advan, Inc., 490 F.3d 826, 834 (11th Cir. 2007) (quoting Byrd v. BT Foods, Inc., 948 So. 2d 921, 925 (Fla. 4th DCA 2007)).

4

(concluding that an actual violation of the law is required for FWA claims).  Even if Plaintiff could establish a *prima facie* case of discrimination, he cannot satisfy his ultimate burden to prove that the legitimate, nondiscriminatory, nonretaliatory reason articulated by Defendant is pretext and the real reason for his termination was discrimination or retaliation.  See Siddiqui v. NetJets Aviation, Inc., 773 Fed. App'x 562, 564-65 (11th Cir. 2019); Ware v. City of Panama City, Fla., 762 Fed. App'x 949, 952 (11th Cir. 2019) (citing Alvarez, 610 F.3d at 1267); Marable v. Marion Military Inst., 595 F. App'x 921, 925 (11th Cir. 2014).

11.     In light of the meritorious defense outlined above and the lack of gross negligence on the part of Defendant, the Court should set aside the Clerk's default and provide Defendant with ten days from the date of an order granting this Motion to respond to the First Amended Complaint.  Gelis v. Schuster, 562 So.2d 412, 413 (Fla. 5th DCA 1990) (concluding that, under Rule 1.500, the absence of gross negligence and presence of a meritorious defense are grounds for setting aside a default prior to final judgment.); see also Hunt Exterminating Co., Inc. m, 598 So. 2d at 115.

12.     Plaintiff will suffer no prejudice in having to litigate his claims on the merits.  Indeed, Plaintiff sought a jury trial in his First Amended Complaint.  It would not be prejudicial to require Plaintiff to prove his claim, as he sought in his First Amended Complaint.  Even by granting this relief, Plaintiff will retain his right to present his case and will not be impeded in doing so.

13.     Florida public policy favors the setting aside of defaults so that controversies may be decided on the merits.  Lloyd's Underwriters at London v. Ruby, Inc., 801 So.2d 138, 139 (Fla. 4th DCA 2001) (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962)).  In implementing this policy, "if there be any reasonable doubt in the matter [of vacating a default], it should be resolved in favor of granting the application and allowing a trial upon the merits." Id.

(quoting <u>N. Shore Hosp.</u>, 143 So.2d at 853, quoting <u>State Bank of Eau Gallie v. Raymond</u>, 103 Fla. 649, 138 So. 40, 43 (Fla. 1931)); <u>see also</u> <u>Monte Campbell Crane Co., Inc. v. Hancock</u>, 510 So. 2d 1104, 1106 (Fla. 4th DCA 1987) ("[T]here is a policy to set aside defaults liberally.").

WHEREFORE, for all of the foregoing reasons, Defendant requests that the Court set aside the Clerk's default, deny Plaintiff's Motion for Final Judgment, and allow Defendant ten (10) days from the date of an order granting this Motion to respond to the First Amended Complaint.

DATED this 27th day of April, 2021.

Respectfully submitted,

**s/ *Benjamin W. Bard***
GREGORY A. HEARING
Florida Bar No.: 817790
gregory.hearing@gray-robinson.com
BENJAMIN W. BARD
Florida Bar No.: 95514
benjamin.bard@gray-robinson.com
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this <u>27th</u> day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

> Colin Richards, Esq.
> Colin Richards Law, P.A.
> 1218 The Pointe Drive
> West Palm Beach, FL 33409
> ColinRichardsLaw@gmail.com
>
> ATTORNEY FOR PLAINTIFF

<u><em><strong>s/ Benjamin W. Bard</strong></em></u><br>Attorney

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**
**CIVIL DIVISION**

**GILBERT SAINT-CYR,**

        **Plaintiff,**

**v.**                         **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

        **Defendant.**

_____/

**AFFIDAVIT OF FRANK A. BEAR**

STATE OF ILLINOIS

COUNTY OF COOK

Before me, the undersigned authority on the below captioned date personally appeared Frank A. Bear, who being first duly sworn, deposes and says that:

1.      I am over the age of 18 and competent to give this declaration.  Unless otherwise stated, I have personal knowledge of all facts herein.   I am employed by Walgreen Co. ("Walgreens") as an Senior Counsel, Employment Law and have been employed by Walgreen Co. since October 1, 2007.

2.      The facts set forth in this Affidavit are true and correct.  Unless otherwise indicated, the facts set forth below are based on my personal knowledge.

3.      During the proceedings before the Equal Employment Opportunity Commission ("EEOC") underlying the above-captioned matter, I represented Walgreens with regard to the claims asserted by Gilbert Saint-Cyr ("Plaintiff").

4.      During those proceedings, I communicated with Colin Richards, Esq., ("Richards") counsel for Plaintiff.

**Exhibit  1**

5.      As part of that communication, Richards sent me an e-mail dated July 3, 2020, informing me that he would notify me when a complaint had been served on Walgreens.  A true and correct copy of that e-mail is attached to this Affidavit as Exhibit A.

6.      On November 15, 2020, Richards sent me another e-mail, attaching a copy of the Complaint and again stating that he would notify me once Walgreens had been served.  A true and correct copy of that e-mail is attached to this Affidavit as Exhibit B.

7.      Richards did not communicate with me after the date of the e-mail attached as Exhibit B.

8.      On April 23, 2021, Benjamin W. Bard, Esq. ("Bard"), outside counsel for Walgreens, informed me that an inspection of the docket in this matter revealed that default had been entered against Walgreens and a Motion for an Order for Final Judgment Based on Default ("Motion for Final Judgment") had been filed by Plaintiff.  Bard further informed me that a hearing had been set for April 29, 2021, at 3:15 p.m. on Plaintiff's Motion for Final Judgment.

9.      After investigation, I discovered that my administrative assistant, Christina Woodworth ("Woodworth"), had received notification from Walgreens' registered agent that a copy of the First Amended Complaint and summons in this matter had been served on March 3, 2021.  Typically, Woodworth receives such notifications from Walgreens' registered agent and forwards the same to me.  On this occasion, due to the volume of e-mails Woodworth receives, Woodworth inadvertently did not forward the notification, summons, or copy of the First Amended Complaint to me.

10.     Prior to communicating with Bard on April 23, 2021, regarding documents filed with the Court, I was unaware of any attempted service in this matter or the entry of the Clerk's default against Walgreens.

DATED this 27th day of _April_, 2021.

_Frank Bear_
AFFIANT

Sworn to and subscribed before me this 27 day of _April_, 2021, by _Frank Bear_, who is personally known to me or who has produced _Driver's license_ as identification.

NOTARY PUBLIC - State of Illinois

_Anthony McKee_
Typed, Printed or Stamped Name
of Notary Public

6-9-24
My Commission Expires

OFFICIAL SEAL
ANTHONY MCKEE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/09/24

| | |
|---|---|
| **From:** | colin richards <colinrichardslaw@gmail.com> |
| **Sent:** | Friday, July 3, 2020 3:39 PM |
| **To:** | Bear, Frank |
| **Subject:** | Re: Gilbert Saint-Cyr |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon Mr. Bear,

   The EEOC has informed me that it plans to issue the right to sue letter for Mr. Saint-Cyr. I will provide you with a courtesy copy of our Complaint once we file suit. I will also notify you when Walgreens has been served. Let me know if you have any questions or concerns. Thank you for your assistance with this matter.


Colin Richards, Esq.,
Colin Richards Law P.A.,
1218 The Pointe Drive,
West Palm Beach, FL 33409,
Telephone: 786-286-0076,
Email: ColinRichardsLaw@gmail.com,
Fax:561-828-0372.


On Mon, Dec 30, 2019 at 9:47 AM Bear, Frank <frank.bear@walgreens.com> wrote:

   Yes



**From:** colin richards <colinrichardslaw@gmail.com>
**Sent:** Monday, December 30, 2019 8:43 AM
**To:** Bear, Frank <frank.bear@walgreens.com>
**Subject:** Re: Gilbert Saint-Cyr



**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.



Ok. Thank you for your offer. Will you  be  the litigation attorney  on this file?

**Exhibit  A**

1

Colin Richards, Esq.,

Colin Richards Law P.A.,

1218 The Pointe Drive,

West Palm Beach, FL 33409,

Telephone: 786-286-0076,

Email: ColinRichardsLaw@gmail.com,

Fax:561-828-0372.

**From:**          colin richards <colinrichardslaw@gmail.com>
**Sent:**          Sunday, November 15, 2020 11:40 PM
**To:**            Bear, Frank
**Subject:**       Re: Gilbert Saint-Cyr
**Attachments:**   Complaint (18).pdf

**Follow Up Flag:**   Flag for follow up
**Flag Status:**      Flagged

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good evening Mr. Bear,

    Happy Holidays. Attached is Mr. Saint-Cyr's Complaint. I will notify you once we serve Walgreens. We may also enter into settlement discussions at anytime. Thank you.

Colin Richards, Esq.,
Colin Richards Law P.A.,
1218 The Pointe Drive,
West Palm Beach, FL 33409,
Telephone: 786-286-0076,
Email: ColinRichardsLaw@gmail.com,
Fax:561-828-0372.

**Exhibit B**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

**GILBERT SAINT-CYR,**

       **Plaintiff,**

**v.**                  **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**
          **Defendant.**
_____/

**AGREED ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR FINAL
JUDGMENT AFTER DEFAULT AND GRANTING
DEFENDANT'S AMENDED MOTION TO SET ASIDE CLERK'S DEFAULT**

THIS CAUSE is before the Court on Plaintiff's Motion for an Order for Final Judgment After Default, Court Costs, Statutory Interest, and Attorney's Fees, as well as Defendant's Amended Motion to Set Aside Clerk's Default. Based on the stipulation of the parties and otherwise being fully advised in the premises, it is hereby

      **ORDERED and ADJUDGED**:

      1.     Plaintiff's Motion For An Order For Final Judgment After Default, Court Costs, Statutory Interest, and Attorneys' Fees is **DENIED**.

2.     Defendant's Amended Motion to Set Aside Clerk's Default is **GRANTED**.

3.     The Clerk's default entered on April 1, 2021, is **SET ASIDE**.

      4.     Defendant shall respond to Plaintiff's First Amended Complaint within ten (10) days from the date of this Order.

      **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 28th___ day of April, 2021.

50-2020-CA-012542-XXXX-MB   04/28/2021
**Janis Brustares Keyser   Circuit Judge**

50-2020-CA-012542-XXXX-MB    04/28/2021
Janis Brustares Keyser
Circuit Judge

**COPIES TO:**

Case No. 50-2020-CA-012542-XXXX-MB

| | | |
|---|---|---|
| BENJAMIN W. BARD | 401 EAST JACKSON STREET, SUITE 2700 P.O. BOX 3324 TAMPA, FL 33602 | GREGORY.HEARING@GRAY-ROBINSON.COM benjamin.bard@gray-robinson.com valerie.taylor@gray-robinson.com michelle.mcleod@gray-robinson.com |
| COLIN HF RICHARDS | 1218 THE POINTE DRIVE WEST PALM BEACH, FL 33409 | COLINRICHARDSLAW@GMAIL.COM sharps81@aol.com |
| GREGORY A. HEARING | 401 E JACKSON ST SUITE 2700 TAMPA, FL 33602 | gregory.hearing@gray-robinson.com analisa.whiteside@gray-robinson.com michelle.mcleod@gray-robinson.com |
| JOHN G. WHITE III | No Address Available | jay.white@gray-robinson.com kathleen.mchugh@gray-robinson.com leslie.metz@gray-robinson.com |
| LISA HOFFMAN | No Address Available | lisa.hoffman@gray-robinson.com |

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

**GILBERT SAINT-CYR,**

        **Plaintiff,**

**v.**                             **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

        **Defendant.**

_____/

## ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

      Defendant, WALGREEN CO. ("Walgreens" or "Defendant"), by and through its undersigned attorneys, hereby responds to the First Amended Complaint ("First Amended Complaint") filed by Plaintiff, Gilbert Saint-Cyr ("Plaintiff").  Defendant reserves the right to supplement or amend its response as its investigation is ongoing.  Defendant responds to the allegations in the First Amended Complaint as follows:

## PRELIMINARY STATEMENT

      1.     Defendant admits only that that Plaintiff purports to bring causes of action pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), but denies that Plaintiff has, or can, state a cause of action under those statutes.  Defendant denies the remaining allegations in paragraph 1 of the First Amended Complaint, including any allegation of wrongdoing that is pled, implied in, or may be inferred from that paragraph.

      2.     Defendant denies the allegations contained in paragraph 2 of the First Amended Complaint.

## **JURISDICTION AND VENUE**

3.      Defendant admits that the Court generally has original subject matter jurisdiction over claims arising under Title VII and Section 1981, but denies that Plaintiff has, or can, state a cause of action under those statutes.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 3 of the First Amended Complaint.

4.      Defendant admits that venue is proper in this Court, but denies any allegation of wrongdoing pled or implied in paragraph 4 of the First Amended Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the First Amended Complaint.  In particular, Plaintiff alleges claims based on conduct regarding which he did not timely exhaust his administrative remedies.   Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 5 of the First Amended Complaint.

6.      Defendant is without knowledge of Plaintiff's intended meaning of the phrase "the Corporate Defendant constitute a single Company" as it is used in paragraph 6 of the First Amended Complaint and therefore denies the allegations contained in that paragraph.

7.      The charge of discrimination attached as Exhibit A to the First Amended Complaint speaks for itself.  Answering further, Defendant specifically denies that Plaintiff has timely filed at least some of his claims.

## **PARTIES**

8.      Defendant denies the allegations contained in paragraph 8 of the First Amended Complaint.

9.      Defendant is without knowledge of Plaintiff's intended meaning of the phrase "[a]t all times pertinent to this action" and therefore denies the allegations contained in paragraph 9 of the First Amended Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the First Amended Complaint for jurisdictional purposes only.

## FACTUAL ALLEGATIONS

11.     Defendant admits only that Plaintiff commenced employment with Defendant on September 12, 2005, and held the position of General Warehouse Staff.  Defendant denies the remaining allegations contained in paragraph 11 of the First Amended Complaint.

12.     Defendant is without knowledge as to the allegations contained in paragraph 12 of the First Amended Complaint and therefore denies the same.

13.     Defendant is without knowledge as to the allegations contained in paragraph 13 of the Amended Complaint and therefore denies the same.

14.     Defendant denies the allegations contained in paragraph 14 of the First Amended Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of the First Amended Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the First Amended Complaint.

17.     Defendant is without knowledge of Plaintiff's intended meaning of the phrase "this incident[,]" as well as the specific time period encompassed by the allegations contained

in paragraph 17 of the First Amended Complaint, and therefore denies the allegations contained in that paragraph.

18.     Defendant is without knowledge as to the identity of the individual described as "Chris" in paragraph 18 of the First Amended Complaint, as well as the specific time period encompassed by the allegations contained in that paragraph, and therefore denies those allegations.

19.     Defendant is without knowledge as to the identity of the individual described as "Jeremy" in paragraph 18 of the First Amended Complaint, as well as the specific time period encompassed by the allegations contained in that paragraph, and therefore denies those allegations.

20.     Defendant denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.     Defendant is without knowledge of Plaintiff's intended meaning of the phrase "the incident that occurred the previous evening[,]" as well as the specific time period encompassed by the allegations contained in paragraph 21 of the First Amended Complaint, and therefore denies the allegations contained in that paragraph.

22.     Defendant denies the allegations contained in paragraph 22 of the First Amended Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of the First Amended Complaint.

24.     Defendant is without knowledge as to the specific time period encompassed by the allegations contained in paragraph 24 of the First Amended Complaint and therefore denies the same.

25.     Defendant denies the allegations contained in paragraph 25 of the First Amended Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of the First Amended Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the First Amended Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the First Amended Complaint.

29.     Defendant is without knowledge as to the specific time period encompassed by the allegations contained in paragraph 29 of the First Amended Complaint and therefore denies the same.

30.     Defendant denies the allegations contained in paragraph 30 of the First Amended Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Defendant is without knowledge as to the specific time period encompassed by the allegations contained in paragraph 32 of the First Amended Complaint and therefore denies the same.

5

33. Defendant is without knowledge as to the specific time period encompassed by the allegations contained in paragraph 33 of the First Amended Complaint and therefore denies the same.

34. Defendant denies the allegations contained in paragraph 34 of the First Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the First Amended Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the First Amended Complaint. Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 39 of the First Amended Complaint.

## COUNT I – ALLEGED DISCRIMINATION

40. In response to the allegations contained in paragraph 40 of the First Amended Complaint, Defendant repeats its responses to paragraphs 1 through 39 of the First Amended Complaint.

6

41.     Defendant is without knowledge of Plaintiff's intended meaning of the phrase "member of a protected class" as it is used in paragraph 41 of the First Amended Complaint and therefore denies the allegations contained in paragraph 41 of the First Amended Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the First Amended Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 45 of the First Amended Complaint and denies that Plaintiff is entitled to any damages.

## COUNT II – ALLEGED RETALIATION

46.     In response to the allegations contained in paragraph 46 of the First Amended Complaint, Defendant repeats its responses to paragraphs 1 through 39 of the First Amended Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 47 of the First Amended Complaint.

7

48.     Defendant denies the allegations contained in paragraph 48 of the First Amended Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 49 of the First Amended Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 51 of the First Amended Complaint and denies that Plaintiff is entitled to any damages.

## COUNT III (ALLEGED FLORIDA WHISTLEBLOWER ACT/FLORIDA STATUTES § 448.102(3)

52.     In response to the allegations contained in paragraph 52 of the First Amended Complaint, Defendant repeats its responses to paragraphs 1 through 39 of the First Amended Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 53 of the First Amended Complaint

54.     Defendant denies the allegations contained in paragraph 54 of the First Amended Complaint.  Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 54 of the First Amended Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the First Amended Complaint. Answering further, Defendant denies any allegation of wrongdoing that is pled, implied in, or may be inferred from paragraph 55 of the First Amended Complaint and denies that Plaintiff is entitled to any damages.

## REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any damages or relief sought in the unnumbered paragraph following paragraph 55 of the First Amended Complaint, inclusive of subparts (a) through (g). Defendant further denies that Plaintiff is entitled to any damages from Defendant, and it denies any allegation of wrongdoing that is pled, implied in, or may be inferred from the unnumbered paragraph that following paragraph 55 of the First Amended Complaint.

## JURY DEMAND

Defendant makes no response to Plaintiff's demand for a jury trial because no response is required.

## DEFENSES

Defendant alleges the following defenses and reserves the right to plead additional defenses as may be revealed during the course of discovery. Defendant denies all allegations in the First Amended Complaint that have not been specifically admitted.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under any theory. In particular, as a matter of law, the First Amended Complaint does not contain sufficient allegations of ultimate fact, as opposed to conclusory allegations, to state a claim of

discrimination under Title VII, Section 1981, the Florida Civil Rights Act ("FCRA"), or the Florida Private-Sector Whistleblower Act ("FWA"). In particular, Plaintiff cannot show that Defendant intentionally discriminated against him because of his race, national origin, or age. Nor can Plaintiff show that Defendant retaliated against him for any purported protected activity. Moreover, Plaintiff has failed to identify any protected activity under the FWA, FCRA, Title VII, or Section 1981 which could support a claim of retaliation under those statutes. To the extent that Plaintiff is seeking damages other than those specifically provided for in Title VII, Section 1981, the FCRA, or the FWA, Plaintiff's claims must be dismissed.

## SECOND DEFENSE

Any and all actions taken by Defendant with regard to Plaintiff were for legitimate, non-discriminatory reasons and Defendant has not willfully, intentionally, or with specific intent, violated any of Plaintiff's rights under any statute or provision under which Plaintiff's alleged causes of action could be brought. Indeed, Defendant acted with reasonable grounds for believing that its actions did not violate any laws. Defendant has neither taken nor ratified any action with discriminatory purpose or intent, but rather has acted in good faith, has not authorized any action prohibited by law, has not committed any unlawful employment practice, or engaged in any unlawful conduct. Defendant's actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions.

## THIRD DEFENSE

Plaintiff has an obligation to utilize reasonable diligence to mitigate his damages, including, but not limited to, seeking comparable employment elsewhere. To the extent that

10

Plaintiff has earned income from employment, has not earned income due to his failure to use diligence in seeking and/or maintaining employment, or otherwise failed to mitigate damages, Defendant is not liable to Plaintiff for such sums that he did or could have earned.

## FOURTH DEFENSE

Plaintiff's claims are barred or limited to the extent they exceed the scope of the charge of discrimination.

## FIFTH DEFENSE

To the extent that Plaintiff has not properly or timely exhausted his administrative remedies, he is not entitled to relief, and this Court does not have jurisdiction over those claims. Likewise, to the extent that Plaintiff failed to fulfill the conditions precedent to filing this lawsuit or to bringing these claims, he is not entitled to relief.

## SIXTH DEFENSE

Defendant is not liable for punitive damages because it has made good faith efforts to prevent any discriminatory or retaliatory conduct and to promptly remedy any improper treatment.  Furthermore, Plaintiff is not entitled to punitive damages because Defendant did not engage in a discriminatory or retaliatory practice with malice or reckless indifference to federal or state protected rights.

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief of any kind because he has not alleged a "pattern or practice" claim of discrimination or retaliation.  As such, any request for relief must be dismissed.

**EIGHTH DEFENSE**

To the extent that Plaintiff's claims are barred by the statute of limitations, he is not entitled to relief.

**NINTH DEFENSE**

Defendant has made good faith efforts to prevent any discriminatory conduct by any of its employees and exercised reasonable care to prevent and correct promptly any discriminatory behavior or any other improper treatment that Plaintiff might encounter while in its employ.  To the extent that Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, Defendant is not liable, and Plaintiff is barred from recovery.  Any damages that Plaintiff may have suffered, which Defendant continues to deny, were the direct and proximate result of Plaintiff's own conduct, Plaintiff's failure to report, or follow company policies requiring reporting of, any alleged discrimination, and/or Plaintiff's failure to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Therefore, Defendant is not liable, and Plaintiff is barred from recovering any damages or other relief from Defendant.

**TENTH DEFENSE**

To the extent discriminatory acts were taken with respect to Plaintiff, which Defendant denies, Defendant had no knowledge of, nor acquiesced in, any such inappropriate conduct. Further, Defendant pleads, in the alternative and in response to any alleged evidence of discrimination that may be produced by Plaintiff, any adverse employment actions and/or decisions taken with respect to Plaintiff would have occurred notwithstanding such alleged

evidence of discrimination.

## **ELEVENTH DEFENSE**

To the extent that Plaintiff has brought duplicative claims, he is not entitled to duplicative recovery.

WHEREFORE, Defendant requests that the Court enter judgment in its favor; award Defendant the costs incurred in defending this action, including reasonable attorney's fees; and provide such other and further relief as the Court deems just and appropriate.

DATED this 10th day of May, 2021.

Respectfully submitted,

**s/ Benjamin W. Bard**
GREGORY A. HEARING
Florida Bar No.: 817790
BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary email: gregory.hearing@gray-robinson.com;
benjamin.bard@gray.robinson.com
Secondary email: michelle.mcleod@gray-robinson.com;
analisa.whiteside@gray-robinson.com;
valerie.taylor@gray-robinson.com

JOHN G. WHITE, III
Florida Bar No. 389640
GRAYROBINSON, P.A.
515 N. Flagler Drive, Suite 1425
West Palm Beach, FL 33401-4349
Tel: (561) 886-4130
Fax: (561) 886-4101
Primary email: jay.white@gray-robinson.com
Secondary email: kathleen.mchugh@gray-robinson.com

13

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>10th</u> day of May, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to the following:

Colin Richards, Esq.
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL 33409
ColinRichardsLaw@gmail.com

ATTORNEY FOR PLAINTIFF

<u>*s/ Benjamin W. Bard*</u>
Attorney

14

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

**GILBERT SAINT-CYR,**

        **Plaintiff,**

**v.**                                 **Case No.: 50-2020-CA-012542-XXXX-MB**

**WALGREEN CO.,**

        **Defendant.**

_____/

## <u>DEFENDANT'S PROPOSAL FOR SETTLEMENT</u>

Defendant, Walgreen Co., ("Defendant"), by and through its undersigned counsel and pursuant to Section 768.79, Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure makes the following Proposal for Settlement ("Proposal") to Plaintiff, Gilbert Saint-Cyr ("Plaintiff").

1.      This Proposal is made under the following applicable Florida law:  Section 768.79, Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure.

2.      Defendant Walgreen Co., is the party making this proposal.

3.      Plaintiff Gilbert Saint-Cyr is the party to whom the proposal is made.

4.      The total amount of this proposal is Seven Thousand Five Hundred and Dollars and No Cents ($7,500.00).  Thus, this proposal includes attorney's fees that Plaintiff Gilbert Saint-Cyr has alleged in the Complaint are part of his legal claim.  This Proposal resolves all damages that would otherwise be awarded in a final judgment in the above-styled action (<u>Gilbert Saint-Cyr v. Walgreen Co.,</u> Case No. 50-2020-CA-012542-XXXX-MB, which is pending in the Circuit Court

for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida).  No other relief, whether monetary or nonmonetary, is being offered to Plaintiff Gilbert Saint-Cyr as part of this Proposal.

5.      This Proposal includes the following relevant conditions:  Upon Plaintiff Gilbert Saint-Cyr's written acceptance of this Proposal and payment of the amount set forth in paragraph 4, Plaintiff Gilbert Saint-Cyr and Defendant shall jointly cause the dismissal with prejudice, with both parties bearing their own attorneys' fees and costs except as set forth in paragraph 4, of Plaintiff Gilbert Saint-Cyr's claims against Defendant contained in Plaintiff's Complaint in the above-styled action (Gilbert Saint-Cyr v. Walgreen Co., Case No. 50-2020-CA-012542-XXXX-MB, which is pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida).  The dismissal with prejudice shall bar any claims and demands against Defendant that Plaintiff Gilbert Saint-Cyr has made or that he could have made as well as any relief against Defendant that Plaintiff Gilbert Saint-Cyr has sought or that he could have sought in the above-styled action.  This Proposal shall not in any way be construed as an admission of liability or an admission that Plaintiff Gilbert Saint-Cyr suffered any damages.

6.      Plaintiff has not alleged a claim for punitive damages in the Complaint.  To the extent Plaintiff has brought any claim for punitive damages, the amount set forth in paragraph 4 includes any claim for punitive damages.

7.      Defendant has made this Proposal in good faith and for the purposes specified in Section 768.79, Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure.

8.      Pursuant to Section 768.79, Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure, if Plaintiff Gilbert Saint-Cyr does not accept this Proposal by delivery of a written notice of acceptance within thirty (30) days after it is served, this Proposal shall be deemed rejected and of no further force or effect.

9.      This Proposal is being served upon the Plaintiff Gilbert Saint-Cyr but shall not be

filed unless it is accepted or unless filing is necessary to enforce the provisions of Section 768.79,

Florida Statutes, and Rule 1.442 of the Florida Rules of Civil Procedure.

Dated this <u>10th</u> day of May, 2021.

Respectfully submitted,

<u>s/ Benjamin W. Bard</u>
GREGORY A. HEARING
Florida Bar No.: 817790
BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary email: gregory.hearing@gray-robinson.com;
benjamin.bard@gray.robinson.com
Secondary email: michelle.mcleod@gray-robinson.com;
analisa.whiteside@gray-robinson.com;
valerie.taylor@gray-robinson.com

JOHN G. WHITE, III
Florida Bar No. 389640
GRAYROBINSON, P.A.
515 N. Flagler Drive, Suite 1425
West Palm Beach, FL 33401-4349
Tel: (561) 886-4130
Fax: (561) 886-4101
Primary email: jay.white@gray-robinson.com
Secondary email: kathleen.mchugh@gray-robinson.com

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of May, 2021, I served a true and correct copy of the foregoing via e-mail in accordance with Rule 2.516 of the Florida Rules of Judicial Administration, to: Colin Richards, Esq. Attorney for Plaintiff.

<u>**s/ Benjamin W. Bard**</u>
Attorney

4

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

GILBERT SAINT-CYR,

      Plaintiff,

v.                                  Case No.: 50-2020-CA-012542-XXXX-MB

WALGREEN CO.,

      Defendant.

_____/

## AGREED CASE MANAGEMENT PLAN
## (DCMAP)

The parties hereby submit the following Agreed Case Management Plan to the Court for approval:

## Case Track Assignment[1]  (check one):

    _____    **Expedited Track (Case resolved within 8 months)**
                    (It is recommended that discovery and an alternative dispute resolution/mediation be completed within 180 days after the complaint is filed and a final disposition entered within 245 days after the complaint is filed)

    _____    **Streamlined Track (Case resolved within 12 months)**
                    (It is recommended that discovery and an alternative dispute resolution/mediation be completed within 270 days after the complaint is filed and a final disposition entered within 365 days after the complaint is filed)

    __X___    **General Track (Case resolved within 18 months)**
                    (It is recommended that discovery and an alternative dispute resolution/mediation be completed within 450 days after the complaint is filed and a final disposition entered within 540 days after the complaint is filed)

---

[1] Case disposition times for all Case Tracks have been established based on Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) and the Circuit's historic data.  Although General and Complex Track cases may or may not be resolved with a jury trial, it is expected that Streamlined and Expedited Track cases will be resolved without a jury trial.

_____     **Complex Track (Case resolved within 2 years)**
(This track cannot be selected without a hearing and order granting motion to designate the case as complex per Florida Rule of Civil Procedure 1.201)

## Case Deadlines and Events

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Service of Unserved Parties**<br>Plaintiff(s):<br><br>Cross/Counter Plaintiffs: | None. |
| **Motions to Add Parties or to Amend Pleadings**<br>Plaintiff(s):<br><br>Defendant(s): | October 15, 2021 |
| **Resolution of Objections to Pleadings and Pretrial Motions** (All motions to dismiss, quash service, strike affirmative defenses or extend the time to answer or respond to a pleading must be heard by this date)<br><br>Plaintiff(s):<br><br>Defendant(s): | November 15, 2021 |
| **Discovery Deadline for Fact Witnesses**<br>(All discovery must be commenced in time to be completed before this date)<br><br>Plaintiff(s):<br><br>Defendant(s): | January 28, 2022 |
| **Discovery Deadline for Expert Witnesses** (All discovery must be commenced in time to be completed before this date)<br><br>Plaintiff(s):<br><br>Defendant(s): | December 15, 2021 |
| **Completion of Alternative Dispute Resolution (ADR)**<br>(Mediation is mandatory unless the parties agree to another form of ADR).<br><br>Deadline: **February 5, 2022** | February 5, 2022 |

2

| Type of ADR:  **Mediation** | |
|---|---|
| **Other Deadlines or Events**<br><br>                    **Motion for Summary Judgment:** | February 28, 2022 |

## Trial Information

| | |
|---|---|
| **Is this Case At Issue pursuant to Rule 1.440? (Yes or No)** | **No** |
| **Estimated Date the Case Will Be Prepared To Go To Trial [PLEASE READ FOOTNOTE BEFORE COMPLETING][2]** (If counsel and unrepresented parties do not agree on the estimated date on which the case will be prepared to go to trial, the Court may set the case for trial on its own motion) | Plt date:<br>          July 1, 2022<br><br>Deft date:<br>          July 1, 2022<br><br><br>**Agreed:<br>Yes  or No** |
| **Estimated Length of Trial** (specify the number of trial days): | 5 days |
| **Identification of Jury or Non-Jury Trial** | Jury |

[2] For retroactive cases pending prior to April 30, 2021, the estimated date the case will be prepared to go to trial should not exceed the disposition time frame for the chosen case track.  Cases that have been pending longer than the corresponding case track disposition time frame must follow the following time frames:

| Case Track | Age of Case | Estimated Date of Trial |
|---|---|---|
| Expedited | More than 8 months | Within 4 Months |
| Streamlined | 12-18 Months | Within 6 Months |
| | More than 18 months | Within 4 Months |
| General | 18-24 Months | Within 6 Months |
| | More than 24 Months | Within 4 Months |

The above-referenced schedule of deadlines will be strictly adhered to by the parties unless a change is otherwise agreed to by the parties and approved by the Court.  The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability.  However, once the Agreed Case Management Plan has been approved by the Court, procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines.  The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings, and/or a dismissal of the action.

Date: August 2, 2021

s/ Colin Richards_____

Colin Richards, Esquire
Florida Bar No.: 0109234
Colin Richards Law, P.A.
1218 The Pointe Drive
West Palm Beach, FL  33409
Telephone:  786-828-0372
Email: ColinRichardsLaw@gmail.com

**ATTORNEY FOR PLAINTIFF**

*s/ Benjamin W. Bard_____*

GREGORY A. HEARING
Florida Bar No.: 817790
BENJAMIN W. BARD
Florida Bar No.: 95514
GRAYROBINSON, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33602 (33601-3324)
TEL: (813) 273-5000
FAX: (813) 273-5145
Primary email: gregory.hearing@gray-robinson.com; benjamin.bard@gray.robinson.com
Secondary email: michelle.mcleod@gray-robinson.com; analisa.whiteside@gray-robinson.com; valerie.taylor@gray-robinson.com

JOHN G. WHITE, III
Florida Bar No. 389640
GRAYROBINSON, P.A.
515 N. Flagler Drive, Suite 1425
West Palm Beach, FL 33401-4349
Tel: (561) 886-4130
Fax: (561) 886-4101
Primary email: jay.white@gray-robinson.com
Secondary email: kathleen.mchugh@gray-robinson.com

**ATTORNEYS FOR DEFENDANT**

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION**

GILBERT SAINT-CYR,

      Plaintiff,

v.                    **Case No.: 50-2020-CA-012542-XXXX-MB**

WALGREEN CO.,
         Defendant.

_____/

**ORDER APPROVING AGREED CASE MANAGEMENT
PLAN AND ORDER SETTING HEARING
(DCMAO)**

      **THIS CAUSE** came before the Court upon the Agreed Case Management Plan submitted by the parties. Having reviewed the Agreed Case Management Plan and finding it to be satisfactory, it is hereby:

      **ORDERED** that the Agreed Case Management Plan is hereby **APPROVED AND ALL PARTIES SHALL ABIDE BY THE TERMS THEREIN.**

      **NOTICE FOR TRIAL**: The parties are directed to file a Notice for Trial within 10 days of being at issue pursuant to Florida Rule of Civil Procedure 1.440. A trial order will be issued by the presiding Judge for a calendar call according to the Agreed Case Management Plan.

      **DONE AND ORDERED** in Palm Beach County, Florida.

50-2020-CA-012542-XXXX-MB   08/17/2021
Janis Brustares Keyser   Circuit Judge

50-2020-CA-012542-XXXX-MB   08/17/2021
Janis Brustares Keyser
Circuit Judge

COPIES TO:

Colin Richards      Colin Richards Law, P.A.      colinrichardslaw@gmail.com
                   1218 The Pointe Drive
                   West Palm Beach, FL 33409

Case No. 50-2020-CA-012542-XXXX-MB

| Gregory A. Hearing Benjamin W. Bard | GRAYROBINSON, P.A. 401 East Jackson Street Suite 2700 P.O. Box 3324 Tampa, Florida 33602 (33601-3324) | gregory.hearing@gray-robinson.com; benjamin.bard@gray.robinson.com michelle.mcleod@gray-robinson.com; analisa.whiteside@gray-robinson.com; valerie.taylor@gray-robinson.com |
| John G. White III | GRAYROBINSON, P.A. 515 N. Flagler Drive, Suite 1425 West Palm Beach, FL 33401-4349 | jay.white@gray-robinson.com; kathleen.mchugh@gray-robinson.com |

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA

GILBERT SAINT-CYR,                                    Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

WALGREEN CO.,
      a Foreign for-Profit Corporation,

and

CHRIS GULLICKSON,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

**COMES NOW,** Plaintiff, Gilbert Saint-Cyr, by and through his undersigned counsel, pursuant to Fla. R. Civ. P. § 1.190 (a), hereby moves this Court for leave to file Plaintiff's First Amended Complaint, and as grounds states as follows:

1.     Plaintiff, Gilbert-Saint Cyr, (herein after called "Plaintiff"), initiated this action by filing his Complaint against Defendant, Walgreen, on November 15, 2020.

2.     On or about May 10, 2021, Defendant, Walgreen Co., filed its Answer and Affirmative Defenses.

3.     Plaintiff seeks leave of court to add Chris Gullickson as a Defendant in this matter and to properly plead his claims.

4.     A copy of the proposed First Amended Complaint is attached hereto as **Exhibit "A."**

5.     Pursuant to Fla. R. Civ. P. § 1.190 (a), Plaintiff must obtain leave of court to file an amended complaint because Plaintiff amended his complaint once before.

6.     Pursuant to Fla. R. Civ. P. § 1.190 (a), where justice so requires, leave of court shall be freely given to a party seeking to amend a pleading.

7.      The granting of this motion shall not unduly delay this proceeding and will not unduly prejudice any party to this proceeding.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order in the form attached hereto as **Exhibit "B"** (1) granting this Motion for Leave to File an Amended Complaint, (2) deeming the Amended Complaint the operative complaint, (3) establishing that the Defendant previously served with a summons and a copy of the original Complaint has twenty (20) days after service of a copy of the Amended Complaint to file and serve a response thereto, and (4) granting such other and additional relief as this Court deems just and equitable.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that I served a correct copy of the foregoing via eservice email on this 21st day of October 2021, upon Benjamin Ward, Esq. of Gray Robinson, P.A.; eservice: gregory.hearing@gray-robinson.com and benjamin.bard@gray.robinson.com.

<u>/s/ Colin Richards, Esq.,</u>
Colin Richards, Esq.
Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
    By: <u>/s/ Colin Richards</u>
    Florida Bar No.: 0109234

# **EXHIBIT A**

**IN THE CIRCUIT COURT OF THE FIFTEENTH**
**JUDICIAL CIRCUIT IN AND FOR PALM BEACH**
**COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                   Case #: 50-2020-CA-012542-XXXX-MB

      Plaintiff,

vs.

**WALGREEN CO.,**
      a Foreign for-Profit Corporation,

and

**CHRIS GULLICKSON,**

      Defendants.

_____/

### PLAINTIFF'S FIRST AMENDED COMPLAINT

      **COMES NOW**, Plaintiff, Gilbert Saint-Cyr, (hereinafter called "Plaintiff"), by and through undersigned counsel, Pursuant to Fla. R. Civ. P. 1.190, and files his First Amended Complaint, sues Defendants, Walgreen Co. (hereinafter called "Defendant, Employer" or "Walgreen"), and Chris Gullickson, (hereinafter called "Defendant Gullickson"), (hereinafter collectively called "Defendants"), and respectfully shows the Court as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory, permanent injunctive, and monetary relief brought by Plaintiff to redress the deprivation of civil rights as prohibited by the 42 U.S.C. §1981 ("Section 1981), Title VII of the Civil Rights Act of 1964, and Florida Civil Rights Act, Florida Statutes, Section 760.10, *et seq.* (FCRA) which prohibit, *inter alia,* the discriminatory denial of terms and conditions of employment, including compensation, promotional opportunities, and discharge from employment, hostile work environment and other adverse actions based on race, color, religion, sex, national origin, age, handicap or marital status.

2.      The unlawful actions of the Defendants Walgreen and Gullickson have caused Plaintiff extreme mental anguish, outrage, depression, painful embarrassment among her family, friends,

and former fellow employees, stress-induced insomnia, humiliation, disruption of his personal life, and loss of the ordinary pleasures of everyday life.

## II.   JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action based upon, Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. Jurisdiction is specifically conferred upon this United States District Court by the  aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343 and pendent jurisdiction of the Plaintiff's Florida Civil Rights Act claim is provided pursuant to 28 U.S.C. § 1367 and 42 U.S.C. § 1981.

4.      Venue is proper in this Court as all acts and omissions giving rise to the claims and other adverse actions relevant to this cause occurred in Palm Beach County, which is also the location of Defendants' principal place of business, and Defendant Gullickson resides in Palm Beach County.

5.      Plaintiff timely filed a written Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), in Miami, Florida, setting forth the discriminatory actions of the Defendants complained of herein. See Exhibit A.

6.      All conditions precedent to the bringing of this action have been fulfilled.

7.      Plaintiff filed charges of Discrimination against Defendant Walgreen with the Equal Employment Opportunity Commission alleging harassment and discrimination.

8.      Plaintiff's Charges were timely dual filed by the EEOC.

## III.   PARTIES

9.      Plaintiff is a citizen of the United States of America and resides in Palm Beach County, Florida.

10.     The Defendant Walgreen, is a Foreign for-profit corporation existing under the laws of the State of Illinois with its principal place of business at 200 Wilmot Rd, Deerfield, IL 60015, but licensed to and doing business within this judicial district and is an employer within the scope of Florida Civil Rights Act and Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq. and the Florida Civil Rights Act, Florida Statutes, Section 760.10, *et seq.*

11.     Defendant Gullickson is a natural person over the age of eighteen (18) years residing in Palm Beach County, Florida.

## IV. <u>GENERAL ALLEGATIONS</u>

12.     At all times relevant and material, the Plaintiff in this action was an employee of Defendant Walgreen.

13.     Over the course of his employment, the Plaintiff endured a continuous pattern of intentionally, demeaning, and derogatory conduct designed to destroy his ability to work in a professional environment.

14.     Plaintiff had to work in an environment where he was subjected to relentless and repeated expressions of overt, derogatory behavior, which created a working environment saturated with bigotry, intimidation, scorn, and abuse.

15.     Furthermore, Defendants have fostered an atmosphere that inherently degraded the Plaintiff's confidence and professional reputations.

16.     Defendants continuous condoning of this hostile working environment have created a situation where the most outrageous conduct towards the Plaintiff were overlooked, excused, disbelieved, or labeled as the grievance of a disgruntled employee.

17.     Defendants have utterly futile policies against discrimination, retaliation, and hostile work environment in the workplace as a result of Defendants' failure to regularly, efficiently, and effectively disseminate its policies (to the extent that they existed) to its employees and as a result of Defendants' failure to enforce its policies (to the extent that they existed).

## V.     <u>PLAINTIFF'S EMPLOYMENT AT WALGREEN CO</u>

18.     At all times relevant and material, the Plaintiff was employed by Defendant Walgreen and Plaintiff was qualified for and performed satisfactorily in all positions he held and applied for with Defendant Walgreen.

19.     At all times relevant and material, Plaintiff is an African American male, of Haitian descent, who is a member of protected classes.

20.     Plaintiff has been employed by the Defendant Walgreen for almost fourteen years.

21.     Plaintiff commenced his employment with Walgreen on or about September 12, 2005, as a General Warehouse Staff in the Split Case Peak department.

22.     On August 29, 2018, Plaintiff arrived at work at 7:30 pm.

23.     Plaintiff's team member, Carlos Saaverdra, (hereinafter called "Mr. Saaverdra"), a Hispanic male, came to the bay where Plaintiff's was working that evening.

24.     Mr. Saaverdra attempted to put his name on the bay number, where Plaintiff was working.

25.     Mr. Saaverdra bullied Plaintiff and pushed him with his shoulder.

26.     Plaintiff reported this incident to his supervisor, Las De La Rosa, (hereinafter called Mr. De La Rosa").

27.     Chris Samm, (hereinafter called "Mr. Samm"), a manager at Walgreen ordered Plaintiff to go to section L2 after Plaintiff returned from his break.

28.     Another Walgreen manager Jeremy Macomber, (hereinafter called "Mr. Macomber"), sent Plaintiff home that evening.

29.     Plaintiff was advised by one of his co-workers that Mr. Saaverdra got to stay at work, while Plaintiff was sent home, even though that Plaintiff was bullied and attacked by Mr. Saaverdra.

30.     Plaintiff went to the Human Resources Department the following morning to report the incident that occurred the previous evening.

31.     Defendant Gullickson wrote up Plaintiff without conducting a proper investigation.

32.     No disciplinary action was taken against Mr. Saaverdra.

33.     In February of 2019, Plaintiff was invited to a meeting to discuss how improvements could be made at Walgreen.

34.     Plaintiff advised at the meeting that other employees' federally protected rights were being violated at Walgreen.

35.     After the meeting, Plaintiff received less preferential treatment than his other colleagues at work who were Caucasian and Hispanic.

36.     Plaintiff's EP% was higher than other Caucasian and Hispanic employees at Walgreen;

however, Plaintiff was being punished for his EP% score, while those other employees with a lower score were left alone.

37.     Plaintiff was advised that if he did not improve his EP% score, he would be terminated.

38.     On April 19, 2019, Defendant Gullickson gave Plaintiff an ultimatum that either he would be transferred from the split peak department to the full case peak department, which is comprised of lifting heavy items, or Plaintiff would be fired.

39.     Plaintiff was transferred from the split peak department to full case peak department out of retaliation and punishment.

40.     The full case peak department is mostly comprised of younger Haitian employees.

41.     The department had approximately two Mexican people, one other elderly Haitian employee, and no Caucasians, other than supervisors.

42.     Defendant Walgreen's management advised Plaintiff that he had six weeks to lift 3,500 boxes a night or 2,500 boxes of water and iced tea a night.

43.     Defendant Walgreen knew or should have known that Plaintiff could not perform full case peak effectively at his age.

44.     Plaintiff was suspended because he could not physically comply with his Walgreen's job description.

45.     Defendant Walgreen wrongfully terminated Plaintiff and did not provide him with a reason for his termination.

46.     Plaintiff continued to suffer harassment and discrimination in the workplace and, until he was terminated, was subjected to unprecedented scrutiny and orders based upon his complaints of being targeted as the victim of racial harassment.

47.     As a result of the continual discriminatory racial harassment, and retaliation he has faced

at the workplace of the Defendant, Plaintiff filed an EEOC charge of discrimination, in August 19, 2020, received a Notice of Right to Sue Letter, and timely pursued an action.

## VII.   COUNT I

### Intentional Discrimination in Violation of 42 U.S.C. Section 1981
### (By Plaintiff against Defendant Walgreen Co)

48.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

49.     Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

50.     In violation of 42 U.S.C. 1981, Defendant Walgreen intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

51.     As a result of Defendant Walgreen's intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience, and physical, mental and emotional distress.

## VIII.   COUNT II

### Intentional Discrimination in Violation of Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

52.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

53.     Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

54.     In violation of the Florida Civil Rights Act, Defendant Walgreen intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

55.     As a result of Defendant Walgreen's intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of

professional reputation and work experience, and physical, mental and emotional distress.

## IX.  COUNT III

### Intentional Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (By Plaintiff against Defendant Walgreen Co)

56.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

57.     Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

58.     In violation of the Title VII of the Civil Rights Act of 1964, Defendants intentionally discriminated against Plaintiff by denying him raises and other professional/career advancement on the basis of his race and ethnicity, and by denying the Plaintiff equal terms and conditions of employment.

59.     As a result of Defendant Walgreen intentional discrimination, the Plaintiff has suffered and will continue to suffer damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience, and physical, mental and emotional distress.

## X.  COUNT IV

### Intentional Discrimination in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Chris )

60.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

61.     Defendants has engaged in the pattern and practice of racial discrimination as described herein in violation of 42 U.S.C. 1981.

62.     As described herein, Defendant Rosenberg was personally involved in the discriminatory conduct.

63.     As described herein, Defendant Rosenberg personally caused the infringement of the Plaintiff's rights under 42 U.S.C. 1981.

64.     As described herein, Defendant Rosenberg knowingly, substantively, and intentionally authorized, directed, or participated in the alleged discriminatory conduct in violation of 42 U.S.C. 1981.

65.     As a result of Defendant Rosenberg's violations of 42 U.S.C. 1981, Plaintiff has suffered and will continue to suffer damages including, humiliation and embarrassment, as well as physical and mental and emotional distress. Furthermore, Plaintiff has incurred and continue to incur economic damages including but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation and work experience.

## XI.   COUNT V

### Hostile Work Environment in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Walgreen Co.)

66.     Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

67.     Defendant Walgreen's supervisors and other agents have engaged in the pattern of harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

68.     The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

69.     The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of 42 U.S.C. 1981.

70.     Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

71.     The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

72.      Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

73.     Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

a.   failing to have an effective policy regarding workplace harassment and discrimination;

b. failing to have an effective procedure for investigation and addressing discrimination complaints;

c. failing to effectively implement any procedure it may have had for investigating discrimination complaints;

d. failing to adequately investigate Plaintiff's numerous complaints; and

e. failing to appropriately train its employees.

74. As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

75. As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XII.   COUNT VI

### Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964
**(By Plaintiff against Defendant Walgreen Co)**

76. Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

77. Defendant Walgreen's supervisors and other agents have engaged in the pattern of harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

78. The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

79. The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of Title VII of the Civil Rights Act of 1964.

80. Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

81. The harassing and discriminatory conduct described herein was open and notorious; Defendants knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

82.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

83.     Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

   a.  failing to have an effective policy regarding workplace harassment and discrimination;
   b.  failing to have an effective procedure for investigation and addressing discrimination complaints;
   c.  failing to effectively implement any procedure it may have had for investigating discrimination complaints;
   d.  failing to adequately investigate Plaintiff's numerous complaints; and
   e.  failing to appropriately train its employees.

84. As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

85.     As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XIII.   COUNT VII

## Hostile Work Environment in Violation of The Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

86.     Plaintiff repeat and re-alleges Paragraphs 1-47 above as though set forth herein.

87.     Defendant Walgreen's supervisors and other agents have engaged in the pattern of harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

88.     The discriminatory conduct described herein would not have occurred but for Plaintiff's race or ethnicity.

89.     The harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of the Florida Civil Rights Act.

90.     Defendant Walgreen's harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first act to the latest action.

91.     The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing and discriminatory conduct towards Plaintiff.

92.      Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued race-based harassment and discrimination at Defendant Walgreen.

93.     Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the hostile working environment including, but not limited to:

   a.   failing to have an effective policy regarding workplace harassment and discrimination;

   b.   failing to have an effective procedure for investigation and addressing discrimination complaints;

   c.   failing to effectively implement any procedure it may have had for investigating discrimination complaints;

   d.   failing to adequately investigate Plaintiff's numerous complaints; and

   e.   failing to appropriately train its employees.

94. As a result of Defendant Walgreen's actions, Plaintiff has suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

95.     As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.


## XIV.   COUNT VIII

### Retaliation in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Walgreen Co)

96.     Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

97.     Defendant Walgreen's supervisors and other agents have engaged in the pattern of retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

98. The retaliatory hostile work environment and conduct described herein would not have

occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

99.     The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of 42 U.S.C. 1981.

100.    Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

101.    The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen's knew or should have known about the retaliatory conduct towards Plaintiff.

102.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen's place of business.

103.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

   a. failing to have an effective policy regarding workplace retaliation;
   b. failing to have an effective procedure for investigation and addressing retaliation complaints;
   c. failing to effectively implement any procedure it may have had for investigating retaliation complaints;
   d. failing to adequately investigate Plaintiff's numerous complaints; and
   e. failing to appropriately train its employees.

104.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

105.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XV.   COUNT IX

### Retaliation in Violation Title VII of the Civil Rights Act of 1964
### (By Plaintiff against Defendant Walgreen Co)

106.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

107.    Defendant Walgreen's supervisors and other agents have engaged in the pattern of

retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

108.    The retaliatory hostile work environment and conduct described herein would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

109.    The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of Title VII of the Civil Rights Act of 1964.

110.    Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

111.    The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the retaliatory conduct towards Plaintiff.

112.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen place of business.

113.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

a.  failing to have an effective policy regarding workplace retaliation;

b.  failing to have an effective procedure for investigation and addressing retaliation complaints;

c.  failing to effectively implement any procedure it may have had for investigating retaliation complaints;

d.  failing to adequately investigate Plaintiff's numerous complaints; and

e.  failing to appropriately train its employees.

114.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

115.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVI.   COUNT X

### Retaliation in Violation The Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

116.   Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

117.   Defendant Walgreen's supervisors and other agents have engaged in the pattern of retaliatory harassment and discriminatory conduct described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

118.   The retaliatory hostile work environment and conduct described herein would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism.

119.   The retaliatory harassing and discriminatory conduct described herein was severe and pervasive enough to both alter Plaintiff's employment conditions and create an oppressive, hostile, intimidating, and abusive working environment in violation of the Florida Civil Rights Act.

120.   Defendant Walgreen's retaliatory harassing and discriminatory conduct constitutes a continuing violation of Plaintiff's rights from the first action to the latest action.

121.   The retaliatory harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen's knew or should have known about the retaliatory conduct towards Plaintiff.

122.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued retaliation at Defendant Walgreen's place of business.

123.   Defendant Walgreen's failed to take all reasonable and necessary steps to prevent and/or eradicate the retaliatory acts including, but not limited to:

124.   failing to have an effective policy regarding workplace retaliation;

125.   failing to have an effective procedure for investigation and addressing retaliation complaints;

126.   failing to effectively implement any procedure it may have had for investigating retaliation complaints;

127.   failing to adequately investigate Plaintiff's numerous complaints; and

128.   failing to appropriately train its employees.

129.   As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

130.    As a result of the retaliation, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVII.   COUNT XI

### Wrongful Termination in Violation of 42 U.S.C. 1981
### (By Plaintiff against Defendant Walgreen Co)

131.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

132.    Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

133.    The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race and ethnicity.

134.    Plaintiff's termination from Defendant Walgreen would not have incurred but for Plaintiff's race, age, and ethnicity.

135.    The actions of Defendant Walgreen's supervisors and other agents as described herein and Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen's regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by 42 U.S.C. 1981.

136.    The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

137.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

138.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate harassment, discrimination, and retaliation acts including, but not limited to:

    a.   failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

    b.   failing to have an effective procedure for investigation and addressing discrimination

and retaliation complaints;

c.   failing to effectively implement any procedure it may have had for investigating discrimination and retaliation complaints;

d.   failing to adequately investigate Plaintiff's numerous complaints; and

e.   failing to appropriately train its employees.

139.   As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

140.   As a result of Defendant Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XVIII.   COUNT XII

## Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964
## (By Plaintiff against Defendant Walgreen Co)

141.   Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

142.   Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

143.   The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race and ethnicity.

144.   Plaintiff's termination from Defendant Walgreen would not have incurred but for Plaintiff's race and ethnicity.

145.   The actions of Defendant Walgreen's supervisors and other agents as described herein and Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendant Walgreen regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by Title VII of the Civil Rights Act of 1964.

146.   The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

147.    Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

148.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate harassment, discrimination, and retaliation acts including, but not limited to:

    a.   failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

    b.   failing to have an effective procedure for investigation and addressing discrimination and retaliation complaints;

    c.   failing to effectively implement any procedure it may have had for investigating discrimination and retaliation complaints;

    d.   failing to adequately investigate Plaintiff's numerous complaints; and

    e.   failing to appropriately train its employees.

149.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

150.    As a result of Defendant's Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## XIX.   COUNT XIII

### Wrongful Termination in Violation of The Florida Civil Rights Act
### (By Plaintiff against Defendant Walgreen Co)

151.    Plaintiff re-alleges Paragraphs 1-47 above as though set forth herein.

152.    Defendant Walgreen's supervisors and other agents have engaged in the pattern and practice of harassment, discriminatory conduct, and retaliation as described herein while acting in the course, scope, and furtherance of their agency and employment relationship with Defendant Walgreen.

153.    The harassment and discriminatory conduct described herein would not have occurred but for Plaintiff's race, ethnicity, and age.

154.    Plaintiff's termination from Defendant Walgreen would not have incurred but for

Plaintiff's race and ethnicity.

155.    The actions of Defendant Walgreen's supervisors and other agents as described herein and Plaintiff's termination would not have occurred but for Plaintiff's complaints submitted to Defendants regarding racism, his opposition to Defendant Walgreen's discriminatory acts protected by The Florida Civil Rights Act.

156.    The harassing and discriminatory conduct described herein was open and notorious; Defendant Walgreen knew or should have known about the harassing, discriminatory, and retaliatory conduct towards Plaintiff.

157.     Defendant Walgreen's management failed to take adequate remedial steps to ensure that of Plaintiff would not be subject to continued harassment, discrimination, and retaliation at Defendant Walgreen's place of business.

158.    Defendant Walgreen failed to take all reasonable and necessary steps to prevent and/or eradicate harassment, discrimination, and retaliation acts including, but not limited to:

    a.  failing to have an effective policy regarding workplace harassment, discrimination, and retaliation;

    b.  failing to have an effective procedure for investigation and addressing discrimination and retaliation complaints;

    c.  failing to effectively implement any procedure it may have had for investigating discrimination and retaliation complaints;

    d.  failing to adequately investigate Plaintiff's numerous complaints; and

    e.  failing to appropriately train its employees.

159.    As a result of Defendant Walgreen's actions, Plaintiff suffered and continue to suffer humiliation and embarrassment, as well as physical, mental, and emotional distress.

160.    As a result of Defendant Walgreen's action, Plaintiff has incurred and continue to incur damages including, but not limited to, medical expenses, loss of compensation, wages, bonuses, benefits, opportunities for employment and advancement, loss of professional reputation, and work experience.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gilbert Saint-Cyr pray that this Court:

(a)  Accept jurisdiction over this matter;

(b)  Enter a judgment that Defendants' acts and practices as set forth herein are in violation of

the laws of the United States and the State of Florida, and permanently enjoin such behavior;

(c)  Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendants' discriminatory practices and prevent current and future harm to Plaintiff and others;

(d)  Award Plaintiff compensatory damages for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential loses; lost wages any lost benefits that resulted from the Defendants' discrimination;

(e)  Award Plaintiff exemplary and/or punitive damages

(f)  Award Plaintiff with the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

(g)  Grant Plaintiff such other and further relief as this Court finds necessary and proper.

## XX.   <u>JURY DEMAND</u>

Plaintiff demands trial by jury for all issues so triable by right.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that I served a correct copy of the foregoing via eservice email on this 21st day of October 2021, upon Benjamin Ward, Esq. of Gray Robinson, P.A.; eservice: gregory.hearing@gray-robinson.com and benjamin.bard@gray.robinson.com.

/s/ Colin Richards, Esq.,
Colin Richards, Esq.
Colin Richards Law, P.A.
Address: 1218 The Pointe Drive
West Palm Beach, FL 33409
Telephone: 786-286-0076
Fax: 561-828-0372
Email: ColinRichardsLaw@gmail.com
By: /s/ Colin Richards
Florida Bar No.: 0109234

# **EXHIBIT A**

EEOC Form 161 (11/16)                U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Gilbert Saint-Cyr**<br>**818 Foresteria Drive**<br>**West Palm Beach, FL 33403** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**Erline Jocelyn,**<br>**Investigator** | Telephone No.<br>**(786) 648-5800** |
| **511-2019-01987** | | |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*                                    08-19-2020

Enclosures(s)                    for    **BRADLEY A. ANDERSON,**                    *(Date Mailed)*
                                           **Acting District Director**

cc:
| **Respondent's Representative**<br>**Kim Metrick**<br>**Vice President, Employment Law**<br>**Walgreen Co.**<br>**104 Wilmot Road**<br>**MS#144W**<br>**Deerfield, IL 60015** | **Charging Party's Representative**<br>**Colin Richards, Esquire**<br>**COLIN RICHARDS LAW, P.A.**<br>**1218 The Pointe Drive**<br>**West Palm Beach, FL 33409** |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## **EXHIBIT B**

**IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY FLORIDA**

**GILBERT SAINT-CYR**,                                  Case #: 50-2020-CA-012542-XXXX-MB

     Plaintiff,

vs.

**WALGREEN CO.,**
     a Foreign for-Profit Corporation,

and

**CHRIS GULLICKSON,**

     Defendants.

_____/

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>

THIS CAUSE having come before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint, and the Court having considered the file, and being fully advised in the premise, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is hereby **GRANTED**.
2. Plaintiff's First Complaint attached as Exhibit "A" to the Motion is hereby deemed filed as of the date of this Order.
3. Defendant shall file their Response to Plaintiff's Complaint within twenty (20) days of this Order.

DONE AND ORDERED in chambers in Palm Beach County, Florida, this _____ day of _____, 202_.

                                      _____

                                      CIRCUIT COURT JUDGE