UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-82066-DIMITROULEAS/MATTHEWMAN

GILBERT SAINT-CYR,

    Plaintiff,

v.

WALGREEN CO. and
CHRIS GULLICKSON,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' BILL OF COSTS [DE 43] AND MEMORANDUM [DE 44]**

**THIS CAUSE** is before the Court upon Defendants, Walgreen Co. and Chris Gullickson's (collectively, "Defendants") Bill of Costs [DE 43], Defendants' Memorandum of Law in Support of Their Bill of Costs [DE 44], and the Affidavit of Benjamin W. Bard [DE 45] (collectively, "Motion"). This matter was referred to the Undersigned by United States District Judge William P. Dimitrouleas. *See* DE 48. Plaintiff, Gilbert Saint-Cyr ("Plaintiff"), has filed a Response to Court's Order to Show Cause of May 10, 2019 [DE 53], in which he represents that he "does not object to the entry of the proposed order awarding costs to the Defendant as the prevailing party." For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge award Defendants their costs in the amount of **$402.00** against Plaintiff.

**I.    BACKGROUND**

On May 4, 2022, the Court entered an Order granting Defendant Walgreen Co.'s Motion to Dismiss Plaintiff's Sixth Amended Complaint on May 4, 2022 and dismissing Plaintiff's claims

1

with prejudice. [DE 41]. Plaintiff had previously chosen not to bring any claims against Defendant Chris Gullickson in his Third Amended Complaint following the Court's Order granting Defendant's Motion to Dismiss the Second Amended Complaint. *See* DEs 16, 21, 22. As a result, Defendants are the prevailing party in this lawsuit and are entitled to recover their costs.

## II.     COSTS

Plaintiff requests a total of $402.00 for fees of the clerk. [DE 43].

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

<u>Analysis</u>

Defendants seek $402.00 in fees of the Clerk. [DE 43]. The $402.00 claimed is the removal filing fee paid to the Clerk of Court. [DE 45 at 2]. The filing fee clearly falls within the scope of section 1920(1). *See Castillo v. Teledyne Cont'l Motors, Inc.*, No. 08-21850-CV, 2011 WL 1343051, at *1 (S.D. Fla. Mar. 16, 2011), *report and recommendation adopted,* No. 08-21850-CIV, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011). Furthermore, Defendants have provided documentation to support the claim [DE 45 at 3], and Plaintiff does not object to the relief sought. Therefore, the undersigned **RECOMMENDS** that the District Judge award the $402.00 in fees of the Clerk to Defendants.

### III.    CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' Bill of Costs [DE 43] and further **RECOMMENDS** that Defendants be awarded total costs in the amount of $402.00. Plaintiff should be ordered to pay Defendants their total costs in the amount of **$402.00,** and a judgment should be entered against Plaintiff accordingly, for which let execution issue.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Rodney Smith. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149

(1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of June 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge